Nelda June **HARRY,** Appellant,

v.

**UNIVERSITY OF TEXAS SYSTEM,** Appellee.

No. 08–93–00059–CV.

Court of Appeals of Texas, El Paso.

June 16, 1994.

Rehearing Denied July 20, 1994.

Abner Burnett, Burnett & Burnett, Inc., Odessa, TX, for appellant.

Dan Morales, Atty. Gen., Austin, TX, John Giberson, Tort Litigation Div., Austin, TX, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

KOEHLER, Justice.

In this workers' compensation suit brought under the Texas Workers' Compensation Act in effect prior to January 1, 1991, the court rendered a take-nothing judgment based on the findings of the jury. On appeal, the

Appellant contends in a single point of error that the trial court abused its discretion when it erroneously submitted, over objection, the issues of injury, course and scope, and producing cause of any capacity in what she contends is a single, conjunctively-worded issue. We reverse and remand for trial of the issues of injury and course of employment.

## RELEVANT FACTS

Nelda June Harry, Appellant, brought suit against the University of Texas System, a self-insured state institution, seeking compensation for total and permanent disability and for lifetime medical benefits resulting from an alleged injury suffered by her on December 6, 1988 as an employee of the University of Texas of the Permian Basin in Odessa. In her pleadings she alleged, and she presented evidence in the jury trial, that she was injured in the course and scope of her employment when she was struck by a door opened by a co-worker.

At the conclusion of the evidence, Appellant properly requested the trial court to submit, among others, two separate questions to the jury inquiring first, whether she had suffered an injury on December 6, 1988, and a conditional second, whether she received such injury in the course and scope of her employment. The trial court "modified" the requests, over Appellant's objection, by submitting the following broad-form question[1], which the jury answered as indicated:

Question No. 1

Did Nelda June Harry receive an injury on or about December 6, 1988, in the course of her employment with The University of Texas that was a producing cause of any total and/or partial incapacity?

ANSWER "Yes" or "No" to each.

| | |
|---|---|
| Total Incapacity | NO |
| Partial Incapacity | NO |

In accordance with instructions, the jury did not answer any other questions. Several months later, Appellee having failed to sub-

---

1. This question is in the exact wording of 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 17.01 (1989).

mit a proposed judgment and no judgment having been rendered, Appellant moved for judgment on the verdict, that is a take-nothing judgment. The court promptly signed the take-nothing judgment in the form which Appellant had submitted along with her motion.

## PRELIMINARY QUESTION

■ Before determining whether the trial court erred in refusing to submit requested separate jury questions and in submitting over objection a single question inquiring globally whether Appellant had received an injury in the course of her employment that was a producing cause of any total or partial incapacity, we need to consider whether she waived her complaints on appeal by moving for judgment on the verdict, as contended by Appellee. It is well established that a party who moves for judgment on the verdict cannot complain on appeal that there is either no evidence or insufficient evidence to support the jury findings, the reason being that by so doing, the party is taking inconsistent positions. *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex.1984); *Stewart & Stevenson Services, Inc. v. Enserve, Inc.*, 719 S.W.2d 337, 341 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellee urges that these same cases support its contention that Appellant has, by moving for judgment on the verdict, waived her point of error relating to the submission of jury questions. We disagree.[2] Both *Litton* and *Stewart & Stevenson* hold, relevant to this case, only that the party moving for judgment on the verdict waives his right to complain about the lack, or insufficiency, of evidence to support the verdict. In *Stewart & Stevenson*, the Court after holding that the appellant had waived its evidentiary points by moving for judgment "in accordance with the jury's findings," went on to consider a number of other points of error unrelated to its evidentiary insufficiency points. 719 S.W.2d at 340–46. In one of these points, the appellant complained that the trial court had

omitted from its jury charge a requested essential issue. The appellate court held that the appellant had failed to preserve error by objection on the record. *Id.* at 344.

■ In keeping with the intent of our Rules of Civil Procedure, the objective is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants, not to elevate form over substance. *Melissinos v. Phamanivong*, 823 S.W.2d 339, 342 (Tex. App.—Texarkana 1991, writ denied); TEX. R.CIV.P. 1. We hold therefore that Appellant did not waive her complaint concerning what she terms was a global, conjunctive submission by moving for judgment on the verdict.

## BROAD–FORM SUBMISSION

It is Appellant's contention in this appeal that the court abused its discretion by refusing to submit a question on the controlling issue of an independent and alternative ground of recovery, namely whether she was injured in the course and scope of her employment so that she would, upon a favorable answer, be entitled to future reasonable and necessary medical care. She argues that where a plaintiff in a workers' compensation case sues a carrier for such medical care for treatment of a condition arising from an on-the-job injury, the trial court must, upon a party's request and if supported by some evidence, submit to the jury a question on whether or not the claimant was injured while in the course and scope of her employment, separate and apart from the question of whether she suffered partial or total incapacity as a result of the injury. Appellant asserts that a trial court's submission of questions to the jury is to reviewed by the appellate court on an abuse of discretion standard.

Appellee replies that Rule 277 and the Supreme Court of Texas require the court, "whenever feasible, [to] submit the cause upon broad-form questions," citing *Texas Department of Human Services v. E.B.*, 802

---

**2.** Appellant could have avoided the waiver problem by either moving for judgment only as to form or by moving for judgment on the verdict with a clear reservation of her right to appeal on the question of an erroneous submission. *First*

*Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632 (Tex.1989); *Texas Commerce Bank v. Lebco Constructors, Inc.*, 865 S.W.2d 68, 80 (Tex.App.— Corpus Christi 1993, no writ).

S.W.2d 647, 649 (Tex.1990); and TEX.R.CIV.P. 277. It argues further that the trial court in submitting a case to the jury in broad-form has wide discretion in determining the questions and instructions to be included in the charge, *citing Texas Farmers Insurance Co. v. Soriano,* 844 S.W.2d 808, 818 (Tex.App.— San Antonio 1992), *granted on other grounds,* 37 S.Ct.J. 144, 145 (Nov. 29, 1993). *See also Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 255 (Tex.1974).

■ The parties thus agree that the standard for review of the charge in the form given by the trial court over objection is abuse of discretion. The trial court abuses its discretion if it acts without reference to any guiding rules and principles. *E.B.,* 802 S.W.2d at 649; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer,* 701 S.W.2d at 242.

■ We agree that a trial court is required by the current version of Rule 277 to submit broad-form jury questions "whenever feasible," a requirement that has considerably narrowed its discretion. *E.B.,* 802 S.W.2d at 649; TEX.R.CIV.P. 277. That discretion is further limited by the requirement that the trial court must submit the controlling question, that is the question that determines the outcome of the case. *E.B.,* 802 S.W.2d at 649. *See* 4 ROY W. MCDONALD, TEXAS CIVIL PRACTICE § 22:14 (1992). Question No. 1 is in the same broad-form recommended by the Texas Pattern Jury Charges and certainly was a proper manner in which to submit to the jury the question of whether Appellant had suffered any incapacity as a result of the alleged injury. Whether, however, this broad-form submission was "feasible" under the pleadings and evidence of this case depends in part on whether the issue of injury could be raised by Appellant in another subsequent lawsuit for reimbursement of

future medical expense incurred and paid by her in connection with the alleged injury.

While we do not find the wording of Question No. 1 to be conjunctive in the sense, as argued by Appellant, that the jury's answer can be interpreted to mean that it was finding "no injury," that does not answer the abuse of discretion question. The plain reading of the question and the answer of the jury is that it did not find that Appellant received an injury on or about December 6, 1988 in the course of her employment with the university *"that was a producing cause of any total and/or partial incapacity."* [Emphasis added]. The jury was not asked to find and did not find by its answer to Question No. 1 that Appellant did not receive an injury on that date while in the course of her employment. It merely found whatever injury she may have received was not the producing cause of any incapacity.

Apart from allegations of incapacity, Appellant also alleged that based on her on-the-job injury, she was entitled to lifetime medical benefits under Article 8306, section 7 of the Workers' Compensation Act. Appellee generally denied all of Appellant's allegations, directly putting in issue the question of injury and her entitlement to future medical benefits. During the trial, Appellant and a co-worker, Sandra Harris, testified that Appellant was injured while on the job on December 6, 1988. Insofar as the record on appeal shows (only a partial statement of facts was brought up), Appellee offered no evidence to show that Appellant did not receive a compensable injury on December 6, 1988. Moreover, Appellant's testimony indicates that she was extensively examined and treated for the injury at Appellee's expense.

■ There was no requirement under the Workers' Compensation Act in effect at the time of injury, TEX.REV.CIV.STAT.ANN. art. 8306, §§ 6 and 7[3], that an employee had to

---

3. Article 8306, § 6, entitled, "Accrual of compensation; medical aid, etc." provided in relevant part:

Sec. 6. The medical aid, hospital services, chiropractic services, and medicines, as provided for in Section 7 hereof, shall be supplied as and when needed and according to the terms and provisions of said Section 7.... In

any event the employee shall be entitled to the medical aid, hospital service, chiropractic service, and medicines provided in this law.

Article 8306, § 7, entitled, "Medical services" provided in relevant part:

Sec. 7. The employee shall have the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic servic-

have suffered any incapacity from a job-related, compensable injury in order to be entitled to the medical services provided by Section 7. The only requirement is that the medical services must "reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury." Thus, it is entirely possible that an employee who has sustained an injury in the course of her employment would be entitled to future medical services even though she was not incapacitated by such injury. Under the pleadings and evidence in this case, Appellant was entitled to have the question of injury determined by the jury separate and apart from the incapacity question.

Because the trial court refused to give the requested jury question on injury, it would appear at first blush that Appellant would not be foreclosed by either the verdict or the judgment in this case from requiring Appellee to pay, either directly to the provider or by way of reimbursement, for future medical services furnished to her in connection with the December 6, 1988 injury, provided she could establish that the injury was job-related (i.e. a compensable injury) and that such services were reasonably required to cure and relieve from the effects naturally resulting from such injury. *See Employers Mutual Casualty Co. v. Poorman*, 428 S.W.2d 698, 701 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); TEX.REV.CIV.STAT.ANN. art. 8306, § 7 (Vernon Supp.1994). But on further analysis, we conclude that the rule of *res judicata* would prevent her from relitigating the issue of whether she had sustained a compensable injury. Section 5 of article 8307[4], in effect at the time this cause arose, provided in relevant part:

Notwithstanding any other provision of this law, ... no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under provisions of this law, shall include in such ... judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said ... judgment. The first such final ... judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said ... judgment *and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items,* but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said ... judgment. [Emphasis added].

As between the employee and the association (or in this case the self-insured employer), the emphasized language of the quoted provision requires that the issue of injury along with the issue of liability for medical expense incurred up to that time be determined by the first final judgment rendered on the claim, which judgment will then be *res judicata* on those issues.[5] Moreover, under the

es, hospital services, and nursing and the association shall be obligated for same or, alternatively, at the employee's option, the association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury. Such treatment shall include treatments necessary to physical rehabilitation, including proper fitting and training in the use of prosthetic appliances, for such period as the nature of the injury may require or as necessary to reasonably restore the employee to his normal level of physical capacity or as necessary to give reasonable relief from pain, but shall not include any other phase of vocational rehabilitation.

TEX.REV.CIV.STAT.ANN. art. 8306, §§ 6 and 7, repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991 (Vernon Supp. 1994).

4. TEX.REV.CIV.STAT.ANN. art. 8307. Repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10) to (12), eff. Jan. 1, 1991.

5. While the employee would be barred under the rule of *res judicata* from relitigating the question of injury, it appears that the providers of medical and hospital services could bring an independent and separate claim or suit against the insurer for such services, regardless of the outcome of the employee's suit and whether furnished before (if not included in the employee's suit) or after the judgment in such suit. This is so because the

general principles governing the application of *res judicata*, Appellant would be barred from bringing a subsequent action on the issue of whether she had received an injury covered by the compensation act. Where the causes of action and the parties are identical, "if the defendant wins the original suit, the plaintiff is barred from bringing another action on claims actually litigated and also on claims that could have been litigated in the original cause of action." *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). Because of that conclusion, we hold that the trial court abused its discretion by refusing to give Appellant's requested separate injury question.

Judgment of the trial court is reversed and the cause remanded for trial on the issues of whether Appellant had suffered an injury on December 6, 1988 and if so, whether she received such injury in the course of her employment by Appellee.

McCOLLUM, Justice, concurring.

I concur in the result reached by the majority opinion and in those portions of the majority opinion that hold that Appellant did not waive her complaints on appeal by moving for judgment on the verdict; that Appellant was entitled to have the issue of injury separately submitted; and that *res judicata* would prevent Appellant from receiving medical benefits if the judgment of the trial court were permitted to stand. However, I respectfully depart from the majority opinion concerning what I regard as the inherent vice in the trial court's broad form submission under the state of the pleadings, the evidence, and the issues before the Court.

The Appellant complains that the trial court erred in conjunctively submitting the issues of (1) injury sustained in the course and scope of her employment, and (2) producing cause of any incapacity to labor.

There is evidence that Appellant received an injury on December 6, 1988 in the course and scope of her employment; that she sought and received extensive medical consultation and treatment for these injuries; and, that she would require medical treatment for them in the future. Evidence was adduced during the trial that the medical expenses incurred were reasonable and were unpaid by the Appellee. Appellant by her pleading seeks to recover from the Appellee: the sum of "unpaid reasonable and necessary medical expenses"; "lifetime medical benefits under the provisions of Section 7, Article 8306"; and weekly benefits under the provisions of the Texas Worker's Compensation Act for a general injury resulting in her total and permanent disability; or alternatively, weekly benefits, under the Act, for "one or more specific injuries."

### BROAD FORM SUBMISSION OF ISSUES

Following the presentation of the evidence, Appellant timely objected to the court's question conjunctively submitting the issues;[1] and simultaneously submitted requested questions that contained a disjunctive submission of the injury and course and scope of employment issues.[2] Appellant's objection to the conjunctive submission question was as follows:

The other objection that the Plaintiff has the Plaintiff would urge the Court to submit the issue of injury in course and scope separately from the issue of whether or not the injury was a producing cause of any total and/or partial incapacity and would refer the Court to the Plaintiff's submitted charge.

For the reason that the Plaintiff's understanding of the Worker's Compensation

providers of the services were not parties to the employee's suit and would thus not be subject to the *res judicata* rule. *Maryland Casualty Co. v. Hendrick Memorial Hospital*, 141 Tex. 23, 169 S.W.2d 969, 974–75 (Tex.Comm.App.1943).

1. The question is set out in the majority opinion.

2. Appellant timely presented the following requested questions:

Did NELDA HARRY receive an injury on or about December 6, 1988? (Answer "Yes" or "No.")

Do you find from a preponderance of the evidence that Plaintiff received such injury in the course and scope of her employment by the University of Texas of the Permian Basin? (Answer "We do" or "We do not.")

Law is that if the jury should find an injury in course and scope that would entitle the Plaintiff to reasonable and necessary medical care for life for the injuries sustained on the job, the subject of this cause. If the issue of injury in course and scope is submitted conjunctively with the question of producing cause, then the entitlement which the Plaintiff might enjoy if there were a finding of injury in course and scope could be denied if the jury does not find a producing cause, thereby wrongfully withholding from the Plaintiff a benefit to which she might have otherwise been entitled.

Article 8306, section 7, entitles a worker who has received an injury in the scope of his or her employment to reasonable and necessary medical care that is not dependent upon the employee having been rendered incapacitated to labor either partially or totally.

The court is required to submit broad form questions, whenever feasible, to the jury which are raised by the pleadings and the evidence. The Appellant is thus entitled to issues submitting each of her theories of recovery. TEX.R.CIV.P. 277, 278. In *Westgate, Ltd. v. State*, 843 S.W.2d 448 (Tex.1992), it was stated that TEX.R.CIV.P. 277 is not absolute. It mandates broad form submission whenever feasible. In the case *sub judice*, the broad form submission is not feasible in that it could not assure the court of facts found by a jury upon which it could base a verdict on all claims of relief of Appellant. Under such circumstances, the court should submit the issues disjunctively.

### APPELLANT'S OBJECTION

The Plaintiff properly preserved error in connection with the conjunctive submission of the issues by timely objecting. Even though the Appellant did not direct the court's attention to the effect that such submission would have on a jury's consideration of reimbursement for medical expenses incurred, the error was preserved in connection with her claim for future medical benefits and did meet the test as set out in *State Dept. of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 241 (Tex.1992), "[t]here should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." In the case at bar, the Appellant's objection met this requirement.

### ABUSE OF DISCRETION

The Court in *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ) held that the trial court's discretion in submitting jury questions is subject to the requirement that the question submitted must (1) control the disposition of the case; (2) be raised by the pleadings and the evidence; and (3) properly submit the disputed issues for the jury's determination. We would hold that the trial court's conjunctive submissions did not meet the first and third prong of this test. Had the trial court submitted the issues disjunctively, the jury would have made a finding of whether Appellant sustained an injury in the course and scope of her employment thereby determining her entitlement to medical benefits for medical conditions resulting from the injury.

The Court in *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439 (Tex.1984) held that to amount to an abuse of discretion, the act of the trial court must have been either arbitrary or unreasonable. A reasonable action for the trial court would have been to follow the mandate of Texas Rules of Civil Procedure and not submit the issues in question conjunctively when it is not feasible to do so. By submitting the issues conjunctively, the trial court placed a greater burden upon the plaintiff than is required under Article 8306, section 7. In order to obtain her entitlement under this statute, the Appellant was also required to prove that she suffered a measure of incapacity to labor. All the statute required of her was to prove that she suffered an injury in the course and scope of her employment that required medical attention. The Appellant pointed out to the court the vice in this type submission and submitted correct requested issues curing the vice. I would hold that the action of the trial court was unreasonable and constituted an abuse of discretion.

### INCOMPLETE VERDICT

As a result of the improper submission of the jury issues in question, an incomplete

verdict resulted. An incomplete verdict will not support a judgment. The judgment in this case is flawed in that it is incomplete. The Supreme Court of Texas held in *Fleet v. Fleet*, 711 S.W.2d 1, 2 (Tex.1986), that a judgment cannot be based on a verdict containing unanswered issues unless the unanswered issues are immaterial, and that issues are only "immaterial" if their answers can be found elsewhere in the charge or if they cannot alter the effect of the verdict. Of course, the threshold issue in a claim for benefits under the Workers' Compensation Act of Texas is whether or not the claimant received an injury. It is thus material and fits that definition as set out in *Fleet*.

*Fleet* also holds that a judgment of a trial court based on a partial verdict will not be reversed unless the party who would benefit from the answers objects to the court discharging the jury with unanswered questions. *Id.* The failure to object would not be applicable to the case sub judice because there were no questions unanswered by the jury. The Appellant objected to the submission of the question conjunctively and clearly pointed out to the trial court the vice contained in submitting the issues in that manner.

Given the above, I would nonetheless join the majority and reverse and remand the cause to the trial court.