UNIVERSITY OF TEXAS
SYSTEM, Appellant,

v.

Nelda June HARRY, Appellee.

No. 08–96–00099–CV.

Court of Appeals of Texas,
El Paso.

June 12, 1997.

Dan Morales, Attorney General, Joseph A. Pitner, Attorney General, Tort Litigation Div., Austin, for Appellant.

Abner Burnett, Odessa, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

CHEW, Justice.

The University of Texas System ("University") appeals from a workers' compensation judgment granted Nelda June Harry ("Harry"). We modify the judgment, deleting the damage award for compensation benefits and declaring that Harry was injured in the course of her employment on December 6, 1988.

### I. SUMMARY OF THE FACTS

Harry alleges she was injured in the course and scope of her employment with the University on December 6, 1988, leaving her totally and permanently disabled. After a first trial, we remanded the cause to the lower court for a trial on the issues of whether Harry had suffered an injury on that date, and if so, whether she received the injury in the course of her employment. *Harry v. University of Tex. Sys.*, 878 S.W.2d 342, 347 (Tex.App.—El Paso 1994, no writ).

During the second trial, at a pretrial conference on the University's motion in limine, the University, citing our opinion, advised the trial court that the case should be tried on the issues of injury and scope of employment. The trial court overruled the University's contention. At the close of evidence, the University objected to jury questions dealing with total or partial incapacity, the duration of the incapacity, the average week-

ly wage, and unpaid medical expenses, on grounds that we had not authorized trial on these issues. The trial court overruled these objections. The jurors found that Harry was injured in the course of her employment and that she had total disability beginning January 16, 1989 to March 15, 1989; from July 15, 1989 to August 1, 1990; and permanent disability beginning August 12, 1991 to present. The University moved to disregard the jury findings and to enter judgment, asking the trial court to disregard the jurors' answers except to injury and course of employment. The trial court denied the motion and entered judgment, signed November 27, 1995, that included compensation for total and permanent disability amounting to accrued benefits of $48,093.10 and forty-three weeks of future compensation at the rate of $203 per week. The University filed a Motion for a New Trial and in the Alternative Motion to Modify Judgment, which the trial court overruled.

## II. DISCUSSION

■ The University complains in a single point of error that the trial court erred in submitting a jury charge that included incapacity issues because we had remanded the case for a trial solely on issues of injury and course of employment.

■ When a higher court remands a case and limits the subsequent trial to particular issues, the higher court's decision restricts the trial court to determining those particular issues. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986).

At the first trial, the trial court submitted the following question to the jurors, which the jurors answered as indicated:

Question No. 1

Did Nelda June Harry receive an injury on or about December 6, 1988, in the course of her employment with The University of Texas that was a producing cause of any total and/or partial incapacity?

ANSWER "Yes" or "No" to each.

| Total Incapacity | NO |
| Partial Incapacity | NO |

Harry, in the first appeal, complained that she was entitled to a question on the controlling issue of an independent and alternative ground of recovery, namely, whether she was injured in the course and scope of her employment. *Harry,* 878 S.W.2d at 343–44. This Court held that the question as submitted and the jury's answer reflected that the jurors failed to find that whatever injury she might have received on that date was a producing cause of any incapacity. *Id.* at 345–46. The law at the time entitled Harry to lifetime medical benefits based on her on-the-job injury, apart from whatever incapacity the jurors might have found, and that Harry was entitled to questions on her possible injury and course of employment because these questions could lead to an independent source of recovery. *Id.*

On remand, the trial judge misconstrued our opinion as suggesting that because of the submitted question, we could not tell whether the jury's answer referred to (1) a failure to find an injury, (2) a failure to find any possible injury was in the course of employment, or (3) a failure to find that any possible injury lead to an incapacity.

Harry argues that where an appellate court remands only certain issues to the trial court, the appellate court is, in effect, affirming in part and reversing in part. See, e.g., *Redman Homes, Inc. v. Ivy,* 901 S.W.2d 676, 687 (Tex.App.—El Paso 1995)(appellate court reverses portion of judgment that assesses damages and remands that portion for a new trial), aff'd. in part, reversed in part and remanded, 920 S.W.2d 664 (Tex.1996); *Mader v. Aetna Casualty & Surety Co.,* 683 S.W.2d 731, 735 (Tex.App.—Corpus Christi 1984, no writ)(appellate court reverses trial court's judgment on issue vel non of bad faith: "In all other respects, the judgment of the trial court is affirmed."). She further argues that this Court's judgment in the previous appeal said, "We therefore reverse the judgment of the court below and remand the cause for trial of the issues of injury and course of employment, in accordance with this Court's opinion." She argues that by not affirming in part and reversing in part,

we reversed the whole judgment and put the parties back where they started. See, e.g., *Film Advertising Corp. v. Camp,* 137 S.W.2d 1068, 1069 (Tex.Civ.App.—Dallas 1940, no writ)(when cause reversed and remanded for new trial without instruction to render specific judgment, effect is to restore parties to same situation as that in which they were prior to appeal, and parties are allowed to proceed and have rights determined in the same manner as if cause had never been heard).

 When we remand a cause to the trial court for a new trial, the remand generally is unlimited in scope and the cause is reopened in its entirety. *Gordon v. Gordon,* 704 S.W.2d 490, 491 (Tex.App.—Corpus Christi 1986, writ dism'd). Any conclusion that the remand after a jury trial is limited must clearly appear from the decision. *Hudson,* 711 S.W.2d at 630. See generally 6 MCDONALD, TEXAS CIVIL PRACTICE §§ 34:3–34:4 (1992 and Supp.1996). It is not clear what we were reversing and remanding in the previous appeal because the trial court's first judgment is not a part of this appellate record. But the trial court erred in going beyond our mandate by retrying issues other than injury and course of employment. Furthermore, the error was harmful in that it deprived the University of relying on the previous jury's findings about producing cause. TEX.R.APP.P. 81(b)(1).

## III. CONCLUSION

The University does not seek a remand, but, rather, concedes the issues of injury and course of employment and asks only for modification deleting the damage award and declaring that Harry was injured on December 6, 1988, in the course of her employment. Moreover, the rules require us to render such judgment as the trial court should have rendered, unless we must remand for further proceedings. Rule 81(c).

We therefore modify the judgment to delete the award of compensation benefits to Harry and to declare Harry was injured on December 6, 1988, in the course of her em-

ployment. We affirm the judgment in all other respects.