

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00803-CV

Armando **BENAVIDES**,
Appellant

v.

Anselmo **BENAVIDES**, Antonio Benavides, and A.T. Trucking, L.L.P.,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-03-44411-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice
            Irene Rios, Justice

Delivered and Filed:  February 15, 2017

AFFIRMED

This is the third appeal arising from the underlying cause involving a dispute among three brothers over a business partnership. *See Benavides v. Benavides*, No. 04-12-00864-CV, 2014 WL 235281 (Tex. App.—San Antonio Jan 22, 2014, pet. denied) ("*Benavides II*"); *Benavides v. Benavides*, No. 04-11-00252-CV, 2011 WL 5407493 (Tex. App.—San Antonio Nov. 9, 2011, pet. denied) ("*Benavides I*").  In the underlying cause, one of the brothers, Armando, alleged the other two brothers, Anselmo and Antonio, breached a settlement agreement, and Anselmo and Antonio filed a counterclaim alleging Armando breached the settlement agreement.   In this appeal,

Armando asserts four separate issues; however, the issues commonly contend the trial court erred in entering a judgment that exceeded the scope of our remand in *Benavides II*. Because we hold the trial court's judgment was within the scope of our remand, we affirm.

## BACKGROUND

The following summarizes the findings of fact and conclusions of law entered by the trial court following a bench trial held after we remanded the cause in *Benavides II*.[1]

On October 17, 2005, Armando voluntarily withdrew from the partnership he had with his brothers. After the date of Armando's withdrawal, Anselmo and Antonio paid Armando "$1,338,734.07 in cash and/or equipment and/or services toward the satisfaction of his redemption interest" in the partnership. A dispute arose among the brothers, and they entered into a mediated settlement agreement ("MSA") on May 27, 2009, in an effort to resolve the dispute.

Under the terms of the MSA, Anselmo and Antonio were required to transfer possession of the partnership's work trucks to Armando within two weeks from the date of the MSA. Anselmo and Antonio did not transfer possession of the trucks to Armando because Armando failed to provide them with proof that he had procured insurance on the trucks. Armando testified he needed possession of the trucks to "rearrange" them for his banker's inspection, apparently implying he needed to obtain financing from the bank to obtain the insurance. Although Anselmo and Antonio offered to rearrange the trucks for Armando, Armando rejected that offer. The trial court concluded Anselmo and Antonio breached the MSA by failing to transfer possession of the trucks.[2] However, the trial court also found the breach was not material and that Armando did not incur any damages as a result of Anselmo and Antonio's breach.

---

[1] Armando has not raised an issue on appeal challenging the trial court's findings of fact.
[2] The conclusion that Anselmo and Antonio breached the MSA is law of the case based on our holding in *Benavides I*.

Also under the terms of the MSA, Armando was required to pay Anselmo and Antonio $500,000 each within ninety days after the date of the MSA. The trial court concluded Armando breached the MSA by failing to pay or tender the payment, and also found Armando's breach was material. The trial court further found Anselmo and Antonio did not incur any damages as a result of Armando's breach.

In the final judgment, the trial court entered a take nothing judgment on Armando's breach of contract claim and on Anselmo and Antonio's breach of contract counterclaim. In its judgment, the trial court found, "neither party is entitled to monetary damages as a result of the breach of contract claims, because of the distribution referenced in paragraph 2." In paragraph 2, the trial court found Anselmo and Antonio "previously distributed to [Armando] $1,338,734.07 in cash, equipment and services in full satisfaction of [Armando's] redemption interest in [the partnership]." Armando appeals.

## LAW OF THE CASE AND SCOPE OF REMAND

In *Benavides II*, we explained the legal principles of law of the case and scope of remand as follows:

> When a cause is remanded to a trial court by an appellate court, the application of both the law of the case doctrine and the scope of the remand must be considered by the trial court in determining what additional proceedings are necessary to fully resolve the underlying cause. "The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). "By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency." *Id.* Similarly, when an appellate court "remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue." *Id.* "Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced," regardless of whether those instructions appear in the appellate court's mandate or in its opinion. *Id.*

2014 WL 235281, at *2.

In *Benavides II*, we held confusion over our opinion in *Benavides I* necessitated a remand in the interest of justice, explaining:

> . . . remand is appropriate because the parties and the trial court appear to have been laboring under a misinterpretation of the law of the case arising from our prior opinion and the scope of the remand. For example, Armando appears to have interpreted our decision as resolving the breach of contract claim alleged against him. It did not. As previously noted, although Anselmo and Antonio alleged a breach by Armando in their amended answer and counterclaim, the trial court did not address that claim in its judgment. Armando also appears to believe the trial court could be precluded from considering the equitable remedy of rescission based on his amended pleadings. This contention ignores the instructions given to the trial court in our prior opinion to reconsider the equitable remedy of rescission. Finally, the trial court, Anselmo, and Antonio appear to have misunderstood the legal principles stated in our opinion that would preclude a trial court from ordering a rescission for an immaterial breach of contract. As previously noted, an immaterial breach permits a party to sue for damages, not rescission. Because a probability exists that the underlying cause was not fully developed due to confusion arising from our prior opinion, we reverse the trial court's judgment and remand the cause in the interest of justice.

2014 WL 235281, at *3.

To clarify the scope of remand, we stated in our holding in *Benavides I* that Anselmo and Antonio breached the settlement agreement was law of the case. *Id.* We further clarified, however, that *Benavides I* did not address Anselmo and Antonio's counterclaim against Armando for breach of contract.

**DISCUSSION**

The issues asserted by Armando in the instant appeal are premised on his contention that the trial court was not authorized to consider Anselmo and Antonio's counterclaim on remand. We disagree.

"Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is opened in its entirety." *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also*

*Univ. of Tex. Sys. v. Harry*, 948 S.W.2d 481, 483 (Tex. App.—El Paso 1997, no writ) ("When we remand a cause to the trial court for a new trial, the remand generally is unlimited in scope and the cause is reopened in its entirety."). For a reversal to be limited to particular fact issues, it must be clearly apparent from the decision that the appellate court intended to do so. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). The scope of the remand is determined by looking to both the mandate and the opinion. *Id*; *Celtic Props., L.C. v. Cleveland Reg'l Med. Ctr., L.P.*, No. 09–13–00464–CV, 2015 WL 4600661, at *3 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.).

As we noted in *Benavides II*, our opinion in *Benavides I* did not address Anselmo and Antonio's counterclaim against Armando. 2014 WL 235281, at *3. Our opinion in *Benavides I* did, however, address Armando's breach of contract claim. Because we determined Anselmo and Antonio breached the MSA as a matter of law, we held Anselmo and Antonio's liability was uncontested; therefore, we limited the scope of the remand as to Armando's breach of contract claim to "all legal and equitable issues relating to damages or other relief that may or may not be appropriate." 2011 WL 5407493, at *2. Although our opinion limited the scope of the remand as to Armando's breach of contract claim, the trial court's judgment was reversed, and the entire cause was remanded to the trial court for further proceedings. Similarly, in *Benavides II*, after clarifying that we did not address Anselmo and Antonio's counterclaim against Armando in *Benavides I*, we again reversed the trial court's judgment and remanded the entire cause to the trial court for further proceedings. Because our opinion and mandate only limited the scope of the remand as to Armando's breach of contract claim, all other issues in the case, including Anselmo and Antonio's counterclaim for breach of contract, were opened in their entirety. *Simulis, L.L.C.*, 392 S.W.3d at 734; *see also Univ. of Tex. Sys.*, 948 S.W.2d at 483.

## CONCLUSION

Because the trial court properly considered Anselmo and Antonio's counterclaim on remand, Armando's issues are overruled. The trial court's judgment is affirmed.

Irene Rios, Justice