**LIBERTY MUTUAL INSURANCE COMPANY, Liberty Insurance Corporation, Liberty Mutual Fire Insurance Company, LM Insurance Corporation, and First Liberty Insurance Corporation, Petitioners,**

v.

**Betty GRIESING, Individually and on Behalf of All other Persons Similarly Situated, Respondent.**

No. 04–0902.

Supreme Court of Texas.

Dec. 14, 2007.

Rehearing Denied Feb. 15, 2008.

Matthew Ploeger, David P. Blanke, Spikes Kangerga, Vinson & Elkins, L.L.P., Austin, Russell Yager, Gabriela A. Gallegos, David P. Henry, Eileen Rose Bamberger Youens, Vinson & Elkins, L.L.P., Dallas, TX, for Petitioners.

Michael D. Maloney, Gavin H. McInnis, Maloney & Maloney, P.C., San Antonio, D.J. Powers, Law Offices, Austin, TX, for Respondent.

Wade Caven Crosnoe, for Amicus Curiae.

PER CURIAM.

In *Mid–Century Insurance Co. v. Ademaj,* 243 S.W.3d 618 (Tex.2007), we determined that Mid–Century Insurance Co. and others had properly charged insureds a Texas Automobile Theft Prevention Authority fee. Betty Griesing raised the same issue in a suit against Liberty Mutual Insurance Company and several of its

---

affiliates (Liberty Mutual, collectively). The trial court issued a partial summary judgment for Griesing, Liberty Mutual properly filed an interlocutory appeal under section 51.014(d) of the Texas Civil Practice and Remedies Code, and the court of appeals affirmed. 150 S.W.3d 640 (Tex.App.–Austin 2004). Griesing argues that we should dismiss Liberty Mutual's petition for review for want of jurisdiction. We need only address this jurisdictional argument.

In this context, the Legislature allows petitions for review from interlocutory appeals only when the court of appeals issued a dissenting opinion or when the court of appeals' decision conflicted with a prior decision of this Court or of another court of appeals. TEX. GOV'T CODE § 22.225(c); *State v. Shumake*, 199 S.W.3d 279, 282 (Tex.2006). No dissenting opinion was filed in the court of appeals, and after reviewing the parties' briefs and the relevant authorities, we do not find the requisite conflict. Accordingly, we dismiss Liberty Mutual's petition for want of jurisdiction.