**ALLSTATE INSURANCE COMPANY, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company, Petitioners,**

v.

**Cevia FLEMING, Individually and on Behalf of All Other Persons Similarly Situated, Respondent.**

No. 05–0645.

Supreme Court of Texas.

Argued Oct. 17, 2006.

Decided Dec. 14, 2007.

Rehearing Denied April 18, 2008.

Roger Higgins, Bradford K. Burdette, Jacquelyn Ann Chandler, and Wade Caven Crosnoe, Thompson Coe Cousins & Irons, L.L.P., Austin, TX, for Petitioner.

Michael D. Maloney, Gavin H. McInnis, Maloney & Maloney, P.C., San Antonio, Jeffrey L. Weinstein, Attorney At Law, Athens, and D.J. Powers, Law Offices of D.J. Powers, Austin, TX, for Respondent.

PER CURIAM.

In *Mid–Century Insurance Co. v. Ademaj,* 243 S.W.3d 618 (Tex.2007), we determined that Mid–Century Insurance Co. and others had properly charged insureds a Texas Automobile Theft Prevention Authority fee. Cevia Fleming and others raised the same issue in a suit against Allstate Insurance Company and several of its affiliates (Allstate, collectively). The trial court issued a partial summary judgment for Fleming, Allstate properly filed an interlocutory appeal under section 51.014(d) of the Texas Civil Practice and Remedies Code, and the court of appeals affirmed. 2005 WL 1536228 (Tex.App.-Austin 2005) (mem.op.). Fleming argues that we should dismiss Allstate's petition for review for want of jurisdiction. We need only address this jurisdictional argument.

In this context, the Legislature allows petitions for review from interlocutory appeals only when the court of appeals issued a dissenting opinion or when the court of appeals' decision conflicted with a prior decision of this Court or of another court of appeals. TEX. GOV'T CODE § 22.225(c); *State v. Shumake,* 199 S.W.3d 279, 282 (Tex.2006). No dissenting opinion was filed in the court of appeals, and after reviewing the parties' briefs and the relevant authorities, we do not find the requisite conflict. Accordingly, the order granting the petition for review is withdrawn as improvidently granted, and the petition for review is dismissed for want of jurisdiction.