# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00705-CV

**Cevia Fleming, Individually and on Behalf of Other Persons Similarly Situated, Appellant**

**v.**

**Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-03-003879, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Cevia Fleming sued Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company (collectively, "Allstate") for anticipatory breach of contract for Allstate's alleged failure to comply with the terms of a Rule 11 Agreement it entered into with Fleming and a putative class of similarly situated individuals. *See* Tex. R. Civ. P. 11. The district court granted summary judgment in favor of Allstate. On appeal, Fleming argues that the trial court erred in granting Allstate's motion for summary judgment and in denying her motion for summary judgment requesting specific performance of the Rule 11 Agreement. We affirm the judgment of the trial court.

## BACKGROUND

Fleming and other plaintiffs brought an action individually and on behalf of a class of similarly situated persons alleging that several insurers, including Allstate, had improperly

collected a $1 yearly fee authorized by the legislature to fund the Automobile Theft Prevention Authority ("the ATPA fee"). *See* 28 Tex. Admin. Code § 5.205(a) (2010) (Tex. Dep't of Ins., Automobile Theft Prevention Authority Pass-Through Fee). The plaintiffs challenged the manner in which the fee had been collected, alleging that the fee could not be recouped as a separate charge but that it must be included in the insurers' rate filings.

The action was originally filed as a single lawsuit in Henderson County against Allstate, two Farmers Insurance companies, including Mid-Century Insurance Company, and several Liberty Mutual Insurance companies. All of the named plaintiffs were represented by the same counsel. Plaintiffs included Fleming, Linda McKee, Shefqet Ademaj, and Betty Greising. After suit was filed, the case was split into three different cases, each governed by a separate Rule 11 Agreement. The case against Allstate was transferred to Travis County, as was the case against Liberty Mutual. The case against Farmers remained in Henderson County.

The Rule 11 Agreement governing the case against Allstate specified that, once the case was transferred to Travis County, each side would file a motion for summary judgment seeking a declaratory judgment on the controlling issue of law in the case—whether the ATPA fee had been improperly collected. The Agreement stated that, within 30 days after the district court signed an order disposing of the cross-motions for summary judgment, each losing party would timely prosecute an appeal from the order. According to paragraph seven of the Agreement, "If the appeal [concerning the controlling issue of law] is finally resolved in favor of Plaintiffs, the parties to the transferred action will seek the approval of the Travis County District Court to settle all remaining issues in the transferred action pursuant to a formal settlement agreement." As part of the settlement

agreement, the plaintiffs were to file an unopposed motion to certify them as representatives of a mandatory settlement class under Texas Rules of Civil Procedure 42(b)(1)(A) and 42(b)(2).

After the case was transferred, Fleming and Allstate filed cross-motions for summary judgment on the controlling legal issue, and the trial court ruled in favor of Fleming. On appeal, this Court affirmed the trial court's judgment. *See Allstate Ins. Co. v. Fleming* (*Fleming I*), No. 03-04-00621-CV, 2005 Tex. App. LEXIS 5081 (Tex. App.—Austin June 29, 2005) (mem. op.), *pet. dism'd w.o.j.*, 248 S.W.3d 166 (Tex. 2007).

Allstate filed a petition for review with the Texas Supreme Court, as did Liberty Mutual and Farmers, who had also lost on the controlling issue of law in the trial court and on appeal. The supreme court granted the petitions of Allstate and Farmers; the Liberty Mutual case was held pending the outcome of the other cases. The supreme court reversed on the controlling legal issue in the Farmers case, holding that the ATPA fee had been properly collected, in a case styled *Mid-Century Insurance Co. v. Ademaj*, 243 S.W.3d 618 (Tex. 2007). However, it dismissed the petitions filed by Allstate and Liberty Mutual for want of jurisdiction, indicating that it lacked conflict jurisdiction to decide the cases. *See Liberty Mut. Ins. Co. v. Greising*, 251 S.W.3d 471, 472 (Tex. 2007); *Allstate Ins. Co. v. Fleming* (*Fleming II*), 248 S.W.3d 166, 166 (Tex. 2007). In each case, however, the court specifically noted that the controlling issue in each of the other cases was the same as in *Ademaj*. In the order dismissing Fleming's petition, the court began, "In [*Ademaj*], we determined that Mid-Century Insurance Co. and others had properly charged insureds a Texas Automobile Theft Prevention Authority fee. Cevia Fleming and other raised the same issue in a suit against Allstate Insurance Company and several of its affiliates . . . ." *Fleming II*, 248 S.W.3d at 166.

3

Following the dismissal of its appeal in the supreme court, Allstate filed a motion for rehearing in this Court and mandamus actions in this Court and the supreme court attempting to prevent this Court from issuing its mandate. The actions were unsuccessful, and this Court issued its mandate affirming the judgment of the district court on the controlling issue of law. Before this Court's mandate issued, however, Fleming amended her petition in the district court to remove her claim that Allstate had improperly collected the ATPA fee. Instead, she asserted a new claim for anticipatory breach, arguing that Allstate had breached the Rule 11 Agreement by declining to enter into the settlement agreement contemplated by the Agreement, which was to take effect if the appeal was "finally resolved in favor of Plaintiffs." Fleming sought to recover damages or specific performance of the Rule 11 Agreement.

The case was returned to the district court. Allstate moved for summary judgment on Fleming's claim for anticipatory breach, and Fleming filed a cross motion requesting specific performance of the Rule 11 Agreement. The trial court granted Allstate's motion, and this appeal followed.

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant who moves for traditional summary judgment on the plaintiff's claims must conclusively disprove at least one element of each of the plaintiff's causes of action. *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

**DISCUSSION**

This case currently revolves around enforcement of the Rule 11 Agreement signed by the parties. Rule 11 agreements are contracts relating to litigation, subject, therefore, to general rules of contract construction. *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.—Austin 2010, no pet.). Our primary objective in construing a written contract is to ascertain and give effect to the intentions the parties have objectively manifested in the written instrument. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005). Contract terms are given their plain, ordinary, and generally accepted meanings, and contracts are to be construed as a whole in an effort to harmonize and give effect to all provisions of the contract. *Valence Operating Co.*, 164 S.W.3d at 662. If a contract can be given a certain or definite legal meaning or interpretation, it is not ambiguous and is construed as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

In Texas, in order to prevail on a claim for anticipatory breach of contract, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Publ'g Co. v. Systems Mktg. Co.*, 686 S.W.2d 213, 217 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)).

Allstate argues numerous grounds in its motion for summary judgment and on appeal. First, Allstate argues that the Rule 11 Agreement cannot be enforced because a condition precedent—"final" resolution in favor of the plaintiffs of Fleming's appeal on the controlling issue of law—has not occurred. Allstate also maintains that the Rule 11 Agreement can no longer be

5

enforced, in part because the class contemplated by the Agreement can no longer be certified. Further, Allstate argues that the Rule 11 Agreement is unenforceable as a mandatory class action because it lacks a provision for declaratory or injunctive relief, and that Fleming made judicial review and approval of the Rule 11 Agreement impossible by abandoning her claims for declaratory judgment.[1] Fleming contends that all conditions precedent for enforcement of the Rule 11 Agreement have occurred, and that the Agreement can still be enforced and the class certified. Fleming also filed a cross-motion for summary judgment seeking specific performance of the Rule 11 Agreement.

***Condition Precedent***

Under the Agreement, paragraph seven—which addresses settlement of claims and certification of and payment to the class—only becomes operative "[i]f the appeal described in paragraph 6 is finally resolved in favor of Plaintiffs." Paragraph six describes the appeal taken following the trial court's resolution of competing summary judgment motions on the controlling issue of law in the case, namely, the propriety of the collection of the ATPA fee by Allstate. As noted above, with regard to the controlling issue of law, the trial court found in favor of Fleming and this Court affirmed. *See Fleming I*, 2005 Tex. App. LEXIS 5081, at \*3-4. The case was appealed to the supreme court, which dismissed the petition for want of jurisdiction. However, the court prominently noted in its order that the legal issue was the same as that in *Ademaj*, in which

---

[1] A fourth ground was included in Allstate's motion for summary judgment but was not argued on appeal.

the supreme court reversed the lower court and held that the ATPA fees had been properly collected. *Fleming II*, 248 S.W.3d at 166. After the supreme court dismissed the petition, this Court issued its mandate.

In the instant appeal, Fleming argues that, since this Court issued its mandate affirming the judgment of the trial court in her favor, the appeal was "finally resolved in favor of Plaintiffs." Allstate, however, notes that under the law of the case doctrine, this Court is not bound by its prior decision. Under the doctrine, a court of appeals is normally bound by its initial decision on a question of law if there is a subsequent appeal in the same case. *Texas Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 348 (Tex. App.—Austin 2007, pet. denied) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). However, a longstanding exception to the law of the case doctrine is where the appellate court concludes, on the second appeal, that its original decision was "clearly erroneous." *Id.* (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). Allstate contends that, since any reconsideration of our decision in *Fleming I* would result in abandonment of our prior holding in light of *Ademaj*, the appeal has not been "finally resolved in favor of Plaintiffs."

We agree. While Fleming has attempted to avoid reconsideration of the controlling issue of law by removing her claims for declaratory relief from her pleadings, she cannot escape the fact that this Court would be forced to disavow its holding in *Fleming I* were the issue involving the ATPA fee to come before this court anew. *See Hudson*, 711 S.W.2d at 630 ("It would be unthinkable [for the court] after having . . . arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate

7

that error."). Accordingly, under the peculiar posture of this case, we conclude that the appeal has not been "finally resolved" in favor of Fleming and the other plaintiffs. Therefore, a condition precedent to the Rule 11 Agreement has not occurred. We consequently hold that the trial court did not err in granting summary judgment in favor of Allstate.

### Class Certification

Even if the appeal in *Fleming I* had been "finally resolved in favor of Plaintiffs," no damages would result from anticipatory breach of the Rule 11 Agreement. In the alternative, Allstate argues that the putative class cannot be certified under the terms of the Agreement, and therefore no damages result from its breach. The Agreement states,

> If the appeal [on the controlling issue of law] is finally resolved in favor of Plaintiffs, the parties to the transferred action will seek the approval of the Travis County District Court to settle all remaining issues in the transferred action pursuant to a formal settlement agreement, which would include the following terms:
>
> a. Plaintiffs will file an unopposed motion under Tex. R. Civ. P. 42(b)(1)(A) & 42(b)(2) for an order certifying them as representatives of a mandatory settlement class consisting of:
>
> Every person, entity, and/or organization who paid an Auto Theft Prevention Authority fee to Allstate . . . .

The Agreement then goes on to detail notice and payment of the settlement to members of the class.

Allstate argues that, since the claims for declaratory relief were removed from the pleadings, the class can no longer be certified under Tex. R. Civ. P. 42(b)(2). Under Rule 42(b)(2), an action may be certified as a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief

8

or corresponding declaratory relief with respect to the class as a whole." In determining whether subsection (b)(2) is satisfied, courts "consider whether declaratory relief, to the exclusion of damages, is appropriate." *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 669 (Tex. 2004) (citing *McManus v. Fleetwood Enters.*, 320 F.3d 545 (5th Cir. 2003)). Fleming contends that, as the district court's order declaring collection of the ATPA fee improper was affirmed by this Court, the trial court can certify the class based on the declaratory relief granted in its prior order. However, the claim for improper collection of the ATPA fee underlying the court's order granting declaratory relief has been removed from the pleadings in the case. As this relief is no longer requested by the plaintiffs—or proper under the law following *Ademaj*—we agree with Allstate that the class can no longer be certified as a mandatory (b)(2) class for declaratory relief.[2] *See McManus*, 320 F.3d at 553 (holding that trial court abused its discretion by certifying (b)(2) class where, as here, ordinary relief for lawsuit would be money damages). Accordingly, as certification of the class is a predicate for awarding payments to the class under the Rule 11 Agreement, and as the putative class cannot be certified in accordance with the Agreement, no damages result from any anticipatory breach of the Agreement by Allstate.[3]

---

[2] Fleming also argues that, under *Lapray*, the class can be certified as a (b)(2) class even without a claim for declaratory relief. Fleming points to language in *Lapray* that indicates that a (b)(2) class seeking damages can be certified if the trial court orders notice and opt-out to protect the rights of the class members. *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 670 (Tex. 2004). Notice and opt-out, however, would not be appropriate in this case—the Rule 11 Agreement specifically calls for a "mandatory" class, precluding the possibility of opt-out.

[3] We need not address other arguments raised by the parties on summary judgment. Where, as here, the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## CONCLUSION

We affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   October 22, 2010