**Robert HUDSON, et al., Petitioners,**

v.

**Marion WAKEFIELD, et al., Respondents.**

**No. C–4463.**

Supreme Court of Texas.

June 25, 1986.

Rehearing Denied July 16, 1986.

John W. Berkel, Houston, for petitioners.

Keils and Fulcher, W.A. Keils, Jr., Teague, for respondents.

## OPINION

GONZALEZ, Justice.

This case involves the refusal of a bank to honor a check given as earnest money under a contract for the sale of land. The issue presented is whether, under the doctrine of the "law of the case," our "limited remand" of this cause precluded the assertion of additional related legal theories or defenses.

Robert Hudson and Andy Wright (Purchasers) sued to enforce specific performance of a contract for the sale of real property owned by Marion and Jean Wakefield (Sellers). In the original proceeding, the trial court granted sellers' motion for summary judgment on the grounds that the instrument on which specific performance was sought never attained the status of a contract because the check for earnest money was returned due to insufficient

funds. The court of appeals affirmed, holding that a condition precedent under the contract was that purchasers fulfill the requirements of the earnest-money provision. 635 S.W.2d 216. We reversed the judgments of the lower courts and remanded, holding that, as a matter of law, the earnest-money provision was only a covenant. We then remanded the cause to the trial court to determine whether "the return of the earnest money check because of insufficient funds was such a material breach of the contract as to warrant sellers' repudiation of same." 645 S.W.2d 427, 431 (Tex.1983).

On remand, the case was fully litigated to a jury. Prior to submission of the charge, the trial court allowed sellers to file a trial amendment which asserted fraud in the inducement. Purchasers objected to the trial amendment and to the court's submission of issues thereon. The record, however, fails to contain a statement of facts so that we cannot determine if purchasers objected to evidence of fraudulent inducement or if it was tried by consent. That court also allowed purchasers to file a trial amendment alleging a new theory dealing with ratification. The trial court then submitted several issues to the jury. Upon motion, the trial court disregarded two of the jury's findings: one, that sellers had ratified the contract; and two, that there had been no breach of contract by the purchasers. The trial court then rendered judgment *non obstante veredicto* for the sellers. In an unpublished opinion, the court of appeals affirmed the judgment of the trial court. We affirm the judgment of the court of appeals.

The question is whether, under the "law of the case" doctrine, our remand of the cause to the trial court to determine whether "the return of the earnest money check because of insufficient funds was such a material breach of the contract as to warrant sellers' repudiation of the same" precludes sellers' trial amendment and submission of issues on a theory of fraudulent inducement which would defeat the existence of a valid contract. Purchasers argue that when we remanded the case, the exist-

ence of a valid contract became the "law of the case;" therefore, the only issue which could be decided on remand was whether the contract breach was material.

### Law of the Case

■ The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Trevino v. Turcotte,* 564 S.W.2d 682, 685 (Tex.1978); *Governing Bd. v. Pannill,* 659 S.W.2d 670, 680 (Tex.App.—Beaumont 1983, writ ref'd n.r. e.); *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r. e.). By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Dessommes v. Dessommes,* 543 S.W.2d 165, 169 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). The doctrine is based on public policy and is aimed at putting an end to litigation. *See Barrows v. Ezer,* 624 S.W.2d 613, 617 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Elliott v. Moffett,* 165 S.W.2d 911 (Tex.Civ.App.—Texarkana 1942, writ ref'd w.o.m.).

■ The doctrine of the law of the case only applies to questions of law and does not apply to questions of fact. *Barrows,* 624 S.W.2d at 617; *Kropp,* 526 S.W.2d at 285. *Missouri K. & T. Ry. Co. v. Redus,* 55 Tex.Civ.App. 205, 118 S.W. 208 (Dallas 1909, writ ref'd). Further, the doctrine does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved on the first trial. *Barrows,* 624 S.W.2d at 617; *Kropp,* 526 S.W.2d at 285; *Ralph Williams Gulfgate Chrysler Plymouth, Inc. v. State,* 466 S.W.2d 639 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). Thus, when in the second trial or proceeding, one or both of the parties amend their pleadings, it may be that the issues or facts have sufficiently

changed so that the law of the case no longer applies. *See Rose v. Baker,* 143 Tex. 202, 183 S.W.2d 438 (1944); *Seydler v. Keuper,* 133 S.W.2d 189 (Tex.Civ.App.—Austin 1939, writ ref'd); *Kropp,* 526 S.W.2d at 286.

### Limited Remand

■ When this court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue. *Wall v. East Texas Teachers Credit Union,* 549 S.W.2d 232 (Tex.Civ.App.—Texarkana 1977, writ ref'd); *McConnell v. Wall,* 67 Tex. 352, 5 S.W. 681 (1887). Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced. *Wall v. Wall,* 143 Tex. 418, 186 S.W.2d 57 (1945, opinion adopted); *Dessommes,* 543 S.W.2d at 169. In interpreting the mandate of an appellate court, however, the courts should look not only to the mandate itself, but also to the opinion of the court. *Wells v. Littlefield,* 62 Tex. 28 (1884); *Seale v. Click,* 556 S.W.2d 95, 96 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). In this regard, we have observed that "the cases are rare and very exceptional in which this court is warranted in limiting the issues of fact, in reversing and remanding a case where the trial has been by jury; and to authorize such interpretation, it must clearly appear from the decision that it was so intended." *Cole v. Estell,* 6 S.W. 175, 177 (Tex.1887). *See Price v. Gulf Atlantic Life Ins.,* 621 S.W.2d 185, 187 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.).

■ A critical factor in our determination of this case is that in the first appeal we reviewed a summary judgment. On review of summary judgments, the appellate courts are limited in their considerations of issues and facts. In such a proceeding, the *movant* is not required to assert every theory upon which he may recover or defend.[1] Thus, when a case comes

---

1. It is important to note, that non-movants are required, in a written answer or response to motion, to expressly present to the trial court all issues that would defeat the movants right to a summary judgment, and failing to do so, they cannot later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979).

up for a trial on the merits, the parties may be different, the pleadings may be different, and other causes of action may have been consolidated. *See Governing Bd. v. Pannill*, 659 S.W.2d 670, 680–81 (Tex.App. —Beaumont 1983, writ ref'd n.r.e.). Other distinctions may be drawn; for instance, in reviewing the evidence to determine whether there are any fact issues in dispute, the appellate court must review the evidence in the light most favorable to the party opposing the motion for summary judgment. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Thus, the context of a summary judgment proceeding is distinguishable from a full trial on the merits.

The distinction between a summary judgment and a trial on the merits in regard to the law of the case doctrine was made in *Pannill*, where the court noted:

> Also, it is apparent that the record presented on this third appeal, being an appeal after a full and lengthy trial on the merits with the jury acting as a finder of facts, differs in a very material sense from the prior limited appeal. There is no error in the action of the trial court in declining to follow the "law of the case" as pronounced by another Court of Civil Appeals on a vastly different record.

659 S.W.2d at 681. In the case at hand, the trial amendments by purchasers and sellers changed both the scope and nature of the lawsuit.

Purchasers argue that our remand language established the law of the case as to the existence of a valid contract. Therefore, they contend the trial court erred in allowing seller's trial amendment and issues asserting fraud in the inducement. We disagree.

■ In this case, sellers moved for summary judgment, asserting breach of contract by purchasers as a defense. In summary judgment proceedings, the movant must conclusively establish the essential elements of his asserted theories of recovery or defense. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Breach of contract may

have been the only theory which sellers believed they could conclusively establish. In regard to this theory, we held, on a single question of law (condition or covenant), that one of the terms of the contract was a covenant; therefore, a fact question existed and summary judgment was improper. Our holding in the first appeal, however, did not preclude sellers from asserting other defensive theories, including those attacking the validity of the contract, at a subsequent trial on the merits. Therefore, in light of the proceeding in which the question first arose, the trial court properly allowed sellers to assert the defense of fraud in the inducement.

The court of appeals correctly determined purchaser's remaining points of error dealing with conflicting jury findings and the propriety of submitting certain issues on fraud.

The judgment of the court of appeals is affirmed.