JULIAN OIL & ROYALTY COMPANY and the Unknown Stockholders of Julian Oil & Royalty Company, Appellants,

v.

Glen S. CADE, Appellee.

No. 06–99–00003–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 18, 1999.

Decided Nov. 19, 1999.

Deborah J. Race, Ireland, Carroll, Kelley, Tyler, Karen Bishop, P.C., Gilmer, for appellant.

Todd Tefteller, Tefteller & Pilaia, Gilmer, Dwight Brannon, Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Justice GRANT.

Julian Oil & Royalty Company, by and through Vernon Pellow, an officer and shareholder of Julian Oil & Royalty Company (Julian) brings this appeal against Glen Cade (Cade) and asks this Court to declare the underlying judgment from the justice court in favor of Cade void. This Court has previously set out the facts of this case and addressed this very issue in a related case, *Pellow v. Cade*, 990 S.W.2d 307 (Tex.App.-Texarkana 1999, no pet. h.).

Under the law of the case doctrine, the initial determinations of questions of law in a case are held to govern throughout the subsequent stages of the case. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978); *Med Ctr. Bank v. Fleetwood*, 854 S.W.2d 278, 283 (Tex.App.-Austin 1993, writ denied); *Transport Ins. Co. v. Employers Cas. Co.*, 470 S.W.2d 757, 762 (Tex. Civ.App.-Dallas 1971, writ ref'd n.r.e.). The doctrine applies only to questions of law and not to questions of fact. *Hudson*, 711 S.W.2d at 630. The doctrine does not necessarily apply if the issues and facts are not substantially the same in the subsequent trial. *Id.; Med Ctr. Bank*, 854 S.W.2d at 283; *Transport Ins. Co.*, 470 S.W.2d at 762.

In *Pellow*, we found that the justice court did not have jurisdiction over the parties because, under Texas law, a claim did not exist against the parties named. Therefore, the service effected against Julian Oil & Royalty Company and its unknown shareholders was ineffective to confer jurisdiction on the justice court and the judgment rendered by the justice court was void. *Pellow*, 990 S.W.2d at 312.

Because the issue is identical to the one previously addressed, the law of the case doctrine applies and we are constrained to declare the judgment of the justice court void.

The judgment of the county court is reversed, and judgment is here rendered that the justice court judgment is null and void and of no effect.