Affirmed and Memorandum Opinion filed February 10, 2004









Affirmed and Memorandum Opinion filed February 10,
2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00347-CV

____________

 

RAYMOND FONTENOT et ux., SANDRA
FONTENOT,
Appellants

 

V.

 

KIMBALL HILL HOMES TEXAS, INC. and RELIANT ENERGY RESOURCES
CORPORATION d/b/a RELIANT ENERGY ENTEX, f/k/a ENTEX, INC., Appellees

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 654,258-002

 



 

M E M O R A N D U M  
O P I N I O N








Appellants sued Kimball Hill Homes, Inc., Texas (AKimball Hill@) for damages related to the
construction of their home.[1]  Kimball Hill moved for summary judgment, and
the trial court granted the motion.  On
appeal, we reversed in part and remanded. 
Kimball Hill again moved for summary judgment.  The trial court granted the motion and
awarded appellants the damages not contested by Kimball HillC$4,000 in repair costs and
$2,000 in attorney=s fees.  Appellants bring three issues on appeal: (1)
whether they presented summary evidence to show defective construction and
damages to their home; (2) whether their rejection of Kimball Hill=s settlement offers was
reasonable; and (3) whether the trial court erred in not following this court=s prior opinion, in which we
partially reversed the trial court=s grant of Kimball Hill=s initial motion for summary
judgment.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October of 1994, appellants purchased a new home from
Kimball Hill.  In September of 1995,
appellants sued Kimball Hill for alleged defects in the home. 

Kimball Hill moved for summary judgment on both traditional
and no-evidence grounds.  The trial court
granted the motion, and appellants appealed. 
This court partially reversed the summary judgment and remanded, finding
that there was some evidence of construction defects and damages and no
evidence that the settlement offers were timely.  Fontenot v. Kimball Hill Homes Tex., Inc.,
No. 14-00-01375-CV, 2002 WL 834468 (Tex. App.CHouston [14th Dist.] May 2,
2002) (not designated for publication).  

On remand, Kimball Hill again moved for summary judgment,
asserting that its settlement offer was both timely and reasonable.  In support of its motion, Kimball Hill
attached additional evidence not attached to its first motion.  The trial court granted Kimball Hill=s second motion for summary
judgment.

ANALYSIS








In a traditional motion for summary judgment, the movant has the burden of showing, with competent proof,
that no genuine issue of material fact exists, and that it is entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985);  Tex.
R. Civ. P. 166a(c).  When a
defendant is the movant for summary judgment, it has
the burden to conclusively negate at least one essential element of the
plaintiff's cause of action or conclusively establish each element of an
affirmative defense.  Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  If the movant=s motion and summary judgment
proof facially establish its right to judgment as a matter of law, the burden
shifts to the non‑movant to raise a material
fact issue sufficient to defeat summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  In
deciding whether a disputed material fact issue exists precluding summary
judgment, we resolve every reasonable inference in favor of the non‑movant and take all evidence favorable to it as true.  Science Spectrum, 941 S.W.2d at
911;  Nixon, 690 S.W.2d at 548B49.

I.        Evidence of
defective construction.

In their first issue, appellants contend the trial court
erred in granting summary judgment because they presented evidence to show
defective construction and damage to their home.  They apparently rely on our prior opinion, in
which we partially reversed the first summary judgment for Kimball Hill after
finding that Athere was some evidence of
construction defects@ and Asome evidence [appellants]
suffered damages.@[2]  Fontenot, 2002 WL 834468, at *1B2.

This argument is based on the assumption that Kimball Hill=s motion and/or evidence either
did not, or could not, change; that assumption is wrong.  In its second motion for summary judgment,
Kimball Hill did not contest appellants= assertion that some repairs
were necessary.  The real issues below
were whether a reasonable settlement offer was timely made plus the cost of
repairs and attorney=s fees.  Consequently, presenting some evidence of
defective construction and damage to their homeCwithout proof of the extent of
the defects and damagesCdid not create an issue of
material fact.  Appellants= first point of error is
overruled.

II.       Rejection of
the settlement offers.








In their second issue, appellants contend the trial court
erred because their rejection of Kimball Hill=s settlement offers was reasonable.  However, the evidence contradicts this
claim.  In a letter dated August 28,
1995, Kimball Hill offered to perform various repairs to appellants= home.  This offer was rejected.  In a letter dated December 17, 2002, after
our first decision in this case, Kimball Hill offered to pay appellants $4,000
for alleged construction defects and $2,000 for attorney=s fees and costs.  This offer was likewise rejected.

The Residential Construction Liability Act provides that a
homeowner who rejects a reasonable and timely offer of repair may not recover
more than the fair market value of the offer, plus attorney=s fees and costs incurred
before the offer was rejected.  Tex. Prop. Code ' 27.004(f).[3]  In order to be considered timely, the
contractor must normally make the offer within forty-five days after receiving
notice from the homeowner.  Id. ' 27.004(b).  The contractor and homeowner may agree in
writing to extend this deadline.  Id.
' 27.004(h). 

We had previously determined that the initial settlement
offer appeared to be untimely because it was not filed within the forty-five
day deadline.  Fontenot,  2002 WL 834468, at *3.  In its second motion for summary judgment,
however, Kimball Hill attached evidence of an agreement to extend the
deadline.  Appellants did not contest
this evidence.  The settlement offer occured within the extended deadline and was thus timely.

Because we previously reversed on the issue of timeliness,
we consider whether the offer was reasonable for the first time on this
appeal.  Kimball Hill attached to its
motion an  affidavit from its expert
detailing which repairs it offered to make and which repairs were as a matter
of law unrecoverable under the RCLA.  See
Tex. Prop. Code ' 27.003(a)(1).  Appellants did not contest this evidence in
their response.  We thus consider Kimball
Hill=s offer to repair reasonable.








Because the repair offer was both reasonable and timely,
appellants may not recover more than the fair market value of the offer plus
reasonable and necessary attorney=s fees and costs.  See Tex.
Prop. Code ' 27.004(f).  Kimball Hill attached evidence to its second
motion for summary judgment supporting its contention that the reasonable value
of the repairs was $2,615 and offering to pay $4,000 in order to dispose of the
case.  Appellants did not contest this
evidence.[4]

Further, appellants= recovery of attorney=s fees and costs is limited to
those incurred before they rejected the offer. 
See Tex. Prop. Code
' 27.004(f)(2).  Although they contend Kimball Hill=s estimate of $2,000 for their
attorney=s fees and costs was
unconscionable, they did not present any controverting
evidence as to the amount.  They stated
that more than 230 hours had been expended in the lawsuit, but that estimate
appears to be the total time expended in the case, not merely the time expended
before the settlement offer.  Appellants= second point of error is
overruled.

III.      ALaw of the case@ doctrine.

In their third issue, appellants contend the trial court
erred in not following this court=s holding in our prior opinion
in which we partially reversed Kimball Hill=s first motion for summary
judgment.

Under the Alaw of the case@ doctrine, questions of law
decided on appeal to a court of last resort govern a case throughout its
subsequent stages.  Hudson v.
Wakefield, 711 S.W.2d 628, 630 (Tex. 1986). 
If subsequent stages of a case present substantially different issues or
facts, however, the doctrine does not necessarily apply.  Id. 








As discussed above, Kimball Hill addressed the deficiencies
in its first motion for summary judgment. 
Kimball Hill did not contest that there was no evidence of defective
construction, as they did in their first motion, it attached evidence of an
agreement to extend the deadline for the settlement offer, and it attached
evidence of the reasonableness of the offer. 
Under the changed circumstances of the second motion for summary judgment,
our prior determinations were not binding on the trial court.  See id.  Appellants= third point of error is
overruled.

The judgment of the trial court is affirmed.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed February 10, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  Appellants
also sued Reliant Energy Resources Corporation, but Reliant is not a party to
this appeal.





[2]  The first
motion for summary judgment was based in part on Kimball Hill=s claim that the house contained no defects.





[3]  The cause of
action in this case accrued before September 1, 2003, the effective date of the
recodified property code.  By legislative mandate, the changes made to
the property code are therefore not applicable to this case.  See Acts 2003, 78th Leg., Ch. 458, ' 2.07(a). 
Consequently, all references to the property code are to the code in
effect before September 1, 2003.





[4]  Although
appellants presented evidence in their response to Kimball Hill=s first motion for summary judgment as to the total
damages they suffered, we narrowed the damages they were entitled to in our opinion
relating to that summary judgment.  Fontenot,
2002 WL 834368, at *3.  Appellants did
not provide updated evidence corresponding to the narrowed damages.