NUMBER 13-05-00566-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


JOHN C. SPURLOCK,                                                                      Appellant,

 

                                                             v.

 

JAMES SCHROEDTER, ET AL.,                                                     Appellees.

                                                              
                                                         

        On appeal from the County Court of DeWitt County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, John C. Spurlock, an indigent
inmate in the Texas Department of Criminal Justice B Institutional Division (TDCJ), appeals the
trial court=s dismissal of his pro se claim under
chapter fourteen of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  We affirm.








                                A.  Factual
and Procedural Background

Appellant sued appellees, James Schroedter,
Amado Iglesias, and other TDCJ employees, in the DeWitt County Justice Court
for damages for the loss of his personal property when he was transferred from
one TDCJ unit to another.  The Justice
Court dismissed appellant=s suit with prejudice, and appellant
appealed that decision to the DeWitt County Court.  The county court dismissed appellant=s suit with prejudice under chapter fourteen
of the Texas Civil Practice and Remedies Code, finding that APlaintiff=s claim is frivolous.@

Appellant appealed the decision of the
county court to this Court.  We reversed
the county court=s judgment and remanded the case to that
court, holding that the court abused its discretion in dismissing the case as
frivolous because Athe trial court could not have concluded
that there was no arguable basis in law to dismiss.@  See
Spurlock v. Schroedter, et al., 88 S.W.3d 733, 737 (Tex. App.BCorpus Christi 2002, no pet.).

Following remand, appellees again moved to
dismiss the case, and the county court dismissed appellant=s suit for failure to comply with the
procedural requirements of chapter fourteen. 
Appellant now appeals the county court=s dismissal of his case for the failure to comply with the procedural requirements of
chapter fourteen of the Texas
Civil Practice and Remedies Code.

                                              B.  Law-of-the-Case
Doctrine








Asserting the principles of res judicata and
collateral estoppel, appellant contends that this Court, in its previous
decision, already decided the issues upon which the dismissal was granted and,
thus, the trial court erred in dismissing appellant=s case. 
Although appellant couches his argument in terms of Ares judicata@ and Acollateral estoppel,@ we
conclude that this issue actually involves the law-of-the-case doctrine and
will address his argument accordingly.

The law-of-the-case doctrine is defined as that
principle under which questions of law decided on appeal to a court of last
resort will govern the case throughout its subsequent stages.  Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003) (citing  Hudson
v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986)).  By narrowing the issues in successive stages
of the litigation, the law-of-the-case doctrine is intended to achieve
uniformity of decision as well as judicial economy and efficiency.  Id. 
The doctrine is based on public policy and is aimed at putting an end to
litigation.  Id.

A decision rendered on an issue before an appellate
court does not absolutely bar reconsideration of the same issue on a second
appeal.  Id.  Application of the doctrine lies within the
discretion of the court, depending on the particular circumstances surrounding
that case.  Id.








In our prior opinion, see Spurlock, 88 S.W.3d
at 737, the question of law decided by this Court was whether the trial court
could have found that appellant=s claim had no arguable basis in law to support the
dismissal of the claim as frivolous. 
There are four grounds upon which a trial court may dismiss a claim as
frivolous:  (1) the claim=s realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or fact; (3) it is clear that the
party cannot prove facts in support of the claim; and (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.003(b) (Vernon 2002). 
To enable a trial court to determine whether the claim is substantially
similar to a previous one, chapter fourteen requires an inmate to file a
separate affidavit or unsworn declaration describing all other suits the inmate
has brought and stating the Aoperative facts@ upon which relief was sought.  Id. '
14.004(a)(2).  In their motion to dismiss
upon which the present dismissal was granted, appellees argued that appellant
failed to comply with the requirements of section 14.004 by failing to list the
operative facts of each suit in his unsworn declaration.  Because our previous opinion was not decided
on this issue, we conclude the law-of-the-case doctrine is inapplicable.

                                                                  C.  Analysis

Appellant contends the trial court erred in
dismissing his claim because he met the prerequisites of chapter fourteen,
including the filing of an affidavit relating to previous filings.

Section 14.004 of the civil practice and remedies
code requires an indigent inmate to file a separate affidavit or unsworn
declaration identifying each suit previously brought by the person, and in
which the person was not represented by an attorney, describing each suit by
(1) stating the operative facts for which relief was sought, (2) listing the
case name, cause number, and the court in which the suit was brought, (3)
identifying each party named in the suit, and (4) stating the result of the
suit, including whether the suit was dismissed as frivolous or malicious.  Id. '
14.004(a).  If an inmate=s affidavit fails to comply with the procedural
requirements of section 14.004, including the Aoperative
facts@ provision, the suit may be dismissed.  White v. State, 37 S.W.3d 562, 564
(Tex. App.BBeaumont 2001, no pet.).








Here, appellant filed an Aunsworn declaration@ with
his petition, listing nine previous lawsuits filed.  For each filing he listed the parties, the
court, the cause number, the date of filing, the presiding judge, and the
disposition of the suit.  Next to the
date, he also included what appears to be an attempt to state the Aoperative facts,@ which
he described variously as (1) Awrit,@ (2) Atheft of 199991.18 dollars,@ (3) Aobstruction to the court,@ (4) Adistruction [sic] of legal files and property,@ (5) Afabracated [sic] disciplinary for access to Court,@ (6) Abroken contract,@ (7) Afraud,@ (8) Atheft of $9,000.00 dollars,@ (9) Aobstruction to access to court,@ (10) Atheft of property,@ (11) Adistruction [sic] of property,@ (12) Afabracated [sic] disciplinary,@ and (13) Ainjoinder [sic] civil action for violations of First
Const. Amend. Freedom of religion.@  Appellant=s attempt to describe the Aoperative facts@ is, in effect, a designation of a legal theory; it
is not a statement of the Aoperative facts@ of the case. 
See Williams v. TDCJ-ID, 176 S.W.3d 590, 593 (Tex. App.BTyler 2005, pet. denied); White, 37 S.W.3d at
564.  Based on the listing appellant
submitted, it is impossible for the trial court to determine whether any of his
previous suits are substantially similar to his present claim.   For example, appellant labels two of the
prior suits as Atheft of property@ and Adistruction [sic] of property,@ listing appellees, James C. Schroedter and Amado
Iglesias, as parties.

Because appellant=s
affidavit failed to comply with the requirements of section 14.004, the trial
court was entitled to assume that appellant=s suit
is substantially similar to one previously filed by him, and therefore,
frivolous.  See Williams, 176
S.W.3d at  594; White, 37 S.W.3d
at 565.  Accordingly, we conclude the
trial court did not abuse its discretion when it dismissed appellant=s suit. 
Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 29th day of June, 2006.