

NUMBER 13-12-00258-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ILP, L.L.C., ERNESTO GONZALEZ AND            APPELLANTS,
MARIA DEL ROSARIO GONZALEZ,

v.

MARK ANDY, INC. A/K/A COMCO, A/K/A UVT,         APPELLEE.

On appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion Per Curiam**

This matter is currently before the Court on the briefs and several pending motions.

After examining and fully considering the briefs and pending motions, the Court issues

the following rulings and dismisses the appeal as stated herein.

As an initial matter, attorney Steven E. Garlock has filed a motion to appear pro hac vice. In accordance with the Rules Governing Admission to the Bar of Texas, this motion is accompanied by a separate motion prepared by the resident practicing Texas attorney with whom Garlock would be associated in this case. Having examined and fully considered these motions, the motion to appear pro hac vice and motion by resident attorney recommending pro hac vice admission are hereby GRANTED.

We now turn our attention to substantive issues pertaining to this appeal. Appellants have filed a motion for voluntary dismissal of this appeal without prejudice on grounds that the appeal is interlocutory in nature. On the certificate of conference for this motion, appellants have stated that appellee has indicated "he did not know if he would be in agreement or opposition to this Motion." Appellee's brief and other pleadings before this Court state that the appeal is interlocutory.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Based on our review of the appellate record, the briefs, and the parties' motions and responses, we conclude that this appeal is not from a final judgment or appealable interlocutory order and the appeal should be dismissed for want of jurisdiction. *See id.* Accordingly, we GRANT appellants' motion for voluntary dismissal of the appeal without prejudice.

We now turn to appellee's motion for sanctions against appellants, which was previously carried with the case. Appellee contends that the appeal is frivolous and barred by the "law of the case" doctrine given this Court's resolution of a prior petition for writ of mandamus arising from the same trial court cause. *See In re Mark Andy, Inc.*, No.

2

13-11-00320-CV, 2012 Tex. App. LEXIS 1645 (Tex. App.—Corpus Christi Feb. 29, 2012, orig. proceeding) (mem. op.). The Court has received and reviewed appellants' response to the motion for sanctions.

The "law of the case" doctrine is the principle by which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006); *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). The doctrine may be applied when an issue has been resolved on the merits in a prior mandamus proceeding. *See In the Interest of B.G.D.*, 351 S.W.3d 131, 141–42 (Tex. App.—Fort Worth 2011, orig. proceeding); *In re Cantu de Villarreal*, 330 S.W.3d 11, 20–21 (Tex. App.—Corpus Christi 2010, no pet.). The doctrine applies only to questions of law rather than questions of fact, and it "does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved on the first trial." *Hudson*, 711 S.W.2d at 630. The decision to revisit a previous holding is left to the discretion of the court under the particular circumstances of each case. *City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006). Based on our review of the petition for writ of mandamus and this appeal, we conclude that the law of the case doctrine does not compel the conclusion that sanctions are warranted. Accordingly, we DENY appellee's motion for sanctions.

The appeal is hereby DISMISSED WITHOUT PREJUDICE. Costs will be taxed against appellants. *See* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at appellants' request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

3

Any pending motions not otherwise disposed of in this opinion are DISMISSED AS MOOT.

PER CURIAM

Delivered and filed this the
15th day of November, 2012.