# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-18-00617-CV

---

**Reagan National Advertising of Austin, Inc., Appellant**

**v.**

**City of Austin and Spencer Cronk, in his Official Capacity, Appellees**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-12-001211, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Reagan National Advertising of Austin, Inc. appeals from the trial court's final judgment after remand awarding Reagan damages, costs, and attorney's fees but denying Reagan's request for additional damages and injunctive relief. We will affirm the trial court's final judgment.

## BACKGROUND[1]

Reagan owns and operates billboards in the Austin area. Appellees, the City of Austin and City Manager Spencer Cronk (collectively, the City) charge Reagan a per-billboard assessment each year. Reagan paid these assessments under protest for the years 2009 through

---

[1] We provided a more detailed factual background in our initial opinion in this case, *Reagan National Advertising of Austin, Inc. v. City of Austin*, 498 S.W.3d 236 (Tex. App.— Austin 2016, pet. denied). Here, we will recount only the facts necessary to explain our decision in this appeal. *See* Tex. R. App. P. 47.4.

2014. In 2010, Reagan sued the City in federal district court, challenging the constitutionality of the billboard assessment. The federal court held that the billboard assessment was a tax for purposes of the Tax Injunction Act and dismissed the suit for lack of jurisdiction. Reagan then brought this suit in a Travis County district court. Following a bench trial, the trial court signed a final judgment in March 2015 ordering that Reagan take nothing on its claims.

Reagan appealed to this Court. On appeal, Reagan challenged the constitutionality of the billboard assessment and prayed only for a refund of $198,450.00 (a portion of the amount that it had paid the City under protest) and attorney's fees. Reagan did not seek injunctive relief.

In our initial opinion, we gave preclusive effect to the federal court's holding that the billboard assessment was a tax, and we held that this tax violated article VIII, section 1(f) of the Texas Constitution. *See Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 246 (Tex. App.—Austin 2016, pet. denied). We therefore reversed the trial court's judgment, rendered judgment that Reagan recover $198,450.00 from the City, and remanded the cause to the trial court to determine the appropriate amount of attorney's fees. *See id.* at 246–47. The Texas Supreme Court denied the City's petition for review, and the United States Supreme Court denied the City's petition for a writ of certiorari.

Our mandate to the trial court, issued on October 30, 2017, included the following directives:

> Having reviewed the record and the parties' arguments, the Court holds that there was reversible error in the court's judgment. Therefore, the Court reverses the trial court's judgment and renders judgment that the billboard assessment violates the Texas Constitution and that Reagan National Advertising of Austin, Inc. d/b/a

2

Reagan National Advertising recover $198,450.99[2] from the City of Austin, Texas. The Court also remands the cause to the trial court to determine the amount of attorney's fees, if any, to which Reagan National Advertising of Austin, Inc. d/b/a Reagan National Advertising is entitled. Appellees shall pay all costs relating to this appeal, both in this Court and in the court below.

On remand, Reagan filed a "Motion to Enforce Judgment," in which it asserted that the City sent it a notice on November 8, 2017, attempting to collect a billboard assessment for the year 2018 at the rate of $190 per billboard—the same rate that this Court had recently held unconstitutional. Reagan asked the trial court to prohibit the City from collecting the 2018 assessment. On January 2, 2018, the court denied Reagan's motion.

Reagan then filed a "Motion for Determination of Remaining Issues and Entry of Final Judgment" in the trial court. In that motion, Reagan requested that the court render judgment "awarding [Reagan] a refund of the total amounts it paid to the City for the years 2010 through 2018," "enjoining the City from continuing to charge the unconstitutional tax," and "awarding [Reagan] attorneys' fees." While this motion was pending, Reagan filed a "Motion for Enforcement of Mandate or, in the Alternative, for Clarification" in this Court. We denied Reagan's motion.

In April 2018, the trial court held a hearing on Reagan's "Motion for Determination of Remaining Issues and Entry of Final Judgment." On August 23, 2018, the court signed a final judgment after remand. In the judgment, the court awarded Reagan $198,450.00 in damages and costs and attorney's fees of $303,907.73. The judgment also awarded Reagan interest and conditional appellate attorney's fees. However, the judgment denied Reagan's request for an additional refund of $279,931.40 for the years 2009 through 2014

---

[2] This amount appears to have been a clerical error, as our opinion and judgment ordered that Reagan recover $198,450.00.

3

and an award of $319,960.00 for the years 2015 through 2018. The court also denied Reagan's request for an injunction enjoining the City from continuing to charge the billboard assessment. The court did not reach the merits of Reagan's requests for this additional relief, nor was a full record made on the nature of the 2018 billboard assessment and whether it remedied the constitutional defects found by this Court. The trial court concluded instead that such additional relief was "outside the scope of the Court's authority on remand."

This appeal followed.

## DISCUSSION

In its sole appellate issue, Reagan contends that the trial court erred in denying its request for a refund of the total amounts it paid under protest for the billboard assessment in the years 2009 through 2018 and for an injunction prohibiting the City from continuing to charge the billboard assessment. Reagan points out that our mandate "render[ed] judgment that the billboard assessment violates the Texas Constitution" and argues that the trial court failed to give full effect to our decision. Because the billboard assessment was unconstitutional and void, Reagan argues, the trial court should have ordered a complete refund of the amounts paid for the assessment and should have enjoined the City's future collection of a billboard tax.

"When an appellate court reverses a lower court's judgment and remands the case to the trial court, as we did here, the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *see Beyer v. Beyer*, No. 03-14-00178-CV, 2015 WL 6459595, at *2 (Tex. App.—Austin Oct. 22, 2015, pet. denied) (mem. op.) ("When an appellate court renders the judgment the trial court should have rendered, as happened here, that judgment

4

becomes the judgment of both courts."). On remand, "the trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Phillips*, 407 S.W.3d at 234; *see Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("When this court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue."); *Beyer*, 2015 WL 6459595, at *2 ("The trial court has no jurisdiction to review or interpret an appellate court's mandate; it must merely observe the mandate and carry it out."). "[T]he appellate court's judgment is final, 'not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause.'" *Scott Pelley P.C. v. Wynne*, No. 05-18-00550-CV, 2019 WL 2462801, at *2 (Tex. App.—Dallas June 13, 2019, no pet.) (quoting *Martin v. Credit Prot. Ass'n*, 824 S.W.2d 254, 257 (Tex. App.—Dallas 1992, writ dism'd w.o.j.)); *see Woody K. Lesikar Special Tr. v. Moon*, No. 14-10-00119-CV, 2011 WL 3447491, at *8 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. denied) (mem. op.) ("[T]he issuance of our judgment in the first appeal means that the trial court lost plenary power to decide any issue except for the amount of . . . reasonable and necessary attorney's fees and carry out the mandate of this court.").

Here, our mandate directed the trial court to do two things: (1) award $198,450.00 to Reagan, and (2) determine the amount of attorney's fees, if any, to which Reagan was entitled. The trial court completed these two tasks, and only those two tasks. Therefore, the trial court did not err.

The trial court correctly concluded that it would be beyond the scope of its authority on remand to award an additional refund to Reagan. In fact, our initial opinion explained that we limited our award of damages to the amount that Reagan prayed for. *See*

5

*Reagan Nat'l Advert. of Austin, Inc.*, 498 S.W.3d at 246.  If the trial court had awarded additional damages, the relief it afforded would have exceeded the relief that Reagan prayed for in this Court and the amount that we awarded in our mandate.

Similarly, Reagan successfully challenged the City's prior billboard assessment as unconstitutional, but it did not pray for injunctive relief in this Court, and our mandate ordered no injunction against future assessments that might be consistent with our opinion.  Therefore, the trial court had no authority on remand to reopen the record to consider an injunction.  This is particularly true given the fact-dependent nature of the constitutional analysis under article VIII, section 1(f) of the Texas Constitution.  Both parties agree that the City may charge *some* amount to recover the costs of regulating billboards.  Only if the billboard assessment exceeds the cost of regulation does it become an unconstitutional occupation tax.  *See id.* at 245.  Because it is possible that, in any given year, the City might charge a billboard assessment that is not unconstitutionally excessive, ruling on Reagan's request for an injunction would have required the trial court to re-open the record for additional evidence concerning relief not ordered by our mandate—an action that would have exceeded its authority on remand.  *See In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 218–19 (Tex. 2018) (orig. proceeding) (per curiam) (noting that trial court lacked authority to re-open record on remand when appellate court remanded with specific instructions).[3]

Because the trial court did not err in denying Reagan's additional requests on remand, we overrule Reagan's sole appellate issue.

---

[3] We express no opinion on the appropriate result if Reagan were to bring a new suit requesting a further refund and seeking an order enjoining the City from charging any billboard assessment that does not comport with this Court's mandate.

6

## CONCLUSION

We affirm the trial court's final judgment after remand.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith
  Concurring Opinion by Chief Justice Rose

Affirmed

Filed:  August 9, 2019