

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00409-CV

———————————————

FORT WORTH NW FREE SEVENTH-DAY ADVENTIST CHURCH F/K/A FORT WORTH NORTHWEST SEVENTH-DAY ADVENTIST CHURCH, Appellant

V.

TEXAS CONFERENCE OF SEVENTH-DAY ADVENTISTS, SOUTHWESTERN UNION CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS, TEXAS CONFERENCE ASSOCIATION OF SEVENTH-DAY ADVENTISTS, AND ALICE CASH, Appellees

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-313499-19

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

In a prior mandamus proceeding involving the same parties to this appeal, we held that the claims by Fort Worth NW Free Seventh-day Adventist Church f/k/a Fort Worth Northwest Seventh-day Adventist Church (the Northwest Church) against the Texas Conference of Seventh-day Adventists, Southwestern Union Conference Corporation of Seventh-day Adventists, Texas Conference Association of Seventh-day Adventists, and Alice Cash (collectively, the Conference Parties) should be dismissed because "[t]he ecclesiastical abstention doctrine deprive[d] the trial court of jurisdiction to resolve this internal dispute between the Northwest Church and the Conference [Parties]."[1] *In re Tex. Conf. of Seventh-Day Adventists*, 652 S.W.3d 136, 149 (Tex. App.—Fort Worth 2022, orig. proceeding). Accordingly, we directed the trial court to sign an order dismissing the Northwest Church's claims for want of jurisdiction. *Id.* The trial court complied with our directive.

Subsequently, the Northwest Church challenged our holding in the mandamus proceeding on two fronts: (1) it filed a petition for writ of mandamus in the Texas Supreme Court, asking that the Texas Supreme Court direct us to vacate our judgment in the mandamus proceeding; and (2) it appealed the trial court's order

---

[1]The Northwest Church was the real party in interest in the mandamus proceeding and is the appellant in this appeal. The Conference Parties were the relators in the mandamus proceeding and are the appellees in this appeal.

complying with our directive. As to the first front, the Texas Supreme Court recently denied the Northwest Church's petition for writ of mandamus. As to the second front—this current appeal—the Northwest Church raises two issues, complaining first that the trial court possesses subject matter jurisdiction because the ecclesiastical abstention doctrine does not apply and complaining second that the trial court erred by complying with our mandamus ruling too quickly. We will hold that the Northwest Church's first issue is barred by the law of the case doctrine and that, with respect to the Northwest Church's second issue, the trial court did not err by ruling too quickly. Accordingly, we will affirm the trial court's judgment.

## II. BACKGROUND

We previously detailed the factual background of this dispute in our prior mandamus opinion, and we decline to detail it again here. *See id.* at 140–41; *see also* Tex. R. App. P. 47.1. All that needs to be said is that a dispute arose between the Northwest Church and the Conference Parties regarding certain funds and the Northwest Church's access to its place of worship. *See Tex. Conf. of Seventh-Day Adventists*, 652 S.W.3d at 140–41.

As to the procedural background, in November 2019, the Northwest Church sued the Conference Parties, alleging theft of property, conversion, and money had and received. The Northwest Church sought damages, as well as certain injunctive and declaratory relief. The Conference Parties filed a plea to the jurisdiction and denial of capacity (and later filed an amended plea to the jurisdiction and denial of

3

capacity), alleging that the ecclesiastical abstention doctrine deprived the trial court of subject matter jurisdiction and contesting the Northwest Church's legal authority to sue the Conference Parties on behalf of the local church. In July 2020, the trial court signed an order denying the Conference Parties' amended plea to the jurisdiction and denial of capacity. In March 2022, after the judge who had signed the July 2020 order retired and a new trial court judge had taken office, the Conference Parties filed a motion to reconsider the denial of their amended plea to the jurisdiction and denial of capacity. In April 2022, the new judge signed an order denying the Conference Parties' motion to reconsider the order denying their amended plea to the jurisdiction.[2]

In June 2022, the Conference Parties filed a petition for writ of mandamus in our court, asking that we order the trial court to vacate its order denying the Conference Parties' motion to reconsider the denial of their amended plea to the jurisdiction. A month later, we issued our opinion and judgment conditionally granting the writ of mandamus and directing the trial court to vacate its prior order, render an order granting the Conference Parties' motion to reconsider, and dismiss the Northwest Church's lawsuit for want of jurisdiction. *See id.* at 149. As noted above, that ruling was based on our holding that "[t]he ecclesiastical abstention

---

[2]The trial court's order reflected that it was denying the motion to reconsider the ruling on the amended plea to the jurisdiction, but it did not reflect that the trial court was ruling on the prior order with respect to the denial of capacity.

4

doctrine deprives the trial court of jurisdiction to resolve this internal dispute between the Northwest Church and the Conference [Parties]." *Id.* The same day that we issued our opinion and judgment in the mandamus proceeding, the trial court signed an order in accordance with our directives. Namely, the trial court granted the Conference Parties' motion to reconsider the order denying the amended plea to the jurisdiction, vacated its prior ruling denying the Conference Parties' amended plea to the jurisdiction, and dismissed the Northwest Church's lawsuit.

In August 2022, the Northwest Church filed a motion requesting that the trial court reconsider its order complying with our directives. In September 2022, the trial court signed an order denying that motion to reconsider. This appeal followed. In December 2022—after filing its notice of appeal in this case—the Northwest Church filed a petition for writ of mandamus in the Texas Supreme Court, asking that the court direct us to vacate our judgment in the mandamus proceeding. On June 16, 2023, the Texas Supreme Court denied the Northwest Church's mandamus petition. With the conclusion of the mandamus proceeding, we now turn to the merits of the Northwest Church's appeal.

## III. DISCUSSION

### A. The law of the case doctrine bars the Northwest Church's first issue.

In its first issue, the Northwest Church argues that the trial court possesses subject matter jurisdiction over its claims because the ecclesiastical abstention doctrine does not apply. The Conference Parties respond by arguing that the Northwest

5

Church's first issue is an attack on our ruling in the mandamus proceeding and that our prior determination that the ecclesiastical abstention doctrine applies to this dispute is "law of the case."

### 1. The law of the case doctrine

The law of the case doctrine provides that questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *Farmers Grp. Ins., Inc. v. Poteet*, 434 S.W.3d 316, 329 (Tex. App.—Fort Worth 2014, pet. denied). "The doctrine operates to narrow the issues in successive stages of litigation and is based upon goals of 'uniformity of decision as well as judicial economy and efficiency.'" *Farmers Grp. Ins., Inc.*, 434 S.W.3d at 329 (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). Application of the doctrine is "flexible, left to the discretion of the court, and determined according to the particular circumstances of the case." *Shiloh Treatment Ctr., Inc. v. Ward*, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

The law of the case doctrine applies only to questions of law. *Farmers Grp. Ins., Inc.*, 434 S.W.3d at 329. Whether a trial court has subject matter jurisdiction—the question implicated by the Northwest Church's first issue—is a question of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The law of the case doctrine prohibits relitigation of questions of law unless (1) the earlier holding is clearly erroneous or (2) the later stage of litigation presents different parties,

6

different issues, or more fully developed facts. *Briscoe*, 102 S.W.3d at 716–17; *Rodgers v. Comm'n for Law. Discipline*, 151 S.W.3d 602, 609 (Tex. App.—Fort Worth 2004, pet. denied).

Although an original proceeding is not an "appeal," the law of the case doctrine may be applied when an issue has been resolved on the merits in a prior mandamus proceeding. *See, e.g.*, *Roman v. Ramirez*, 573 S.W.3d 341, 348 (Tex. App.—El Paso 2019, pet. denied) (collecting cases holding that "a legal issue actually resolved in a mandamus action becomes [the law of the case] in subsequent proceedings in the same case"); *In re B.G.D.*, 351 S.W.3d 131, 141 (Tex. App.—Fort Worth 2011, no pet.) (holding that the law of the case doctrine "may be applied when an issue has been resolved on the merits in a prior mandamus proceeding"); *B S P Mktg., Inc. v. Standard Waste Sys., Ltd.*, No. 05-03-00518-CV, 2004 WL 119235, at *1–2 (Tex. App.—Dallas Jan. 27, 2004, no pet.) (mem. op.) (holding that the merits of the subject legal question decided in an earlier mandamus proceeding controlled the same issue arising in a subsequent appeal).

## 2. Analysis

In the mandamus proceeding, we held that the "ecclesiastical abstention doctrine deprive[d] the trial court of jurisdiction to resolve this internal dispute between the Northwest Church and the Conference [Parties]." *See Tex. Conf. of Seventh-Day Adventists*, 652 S.W.3d at 149. The Northwest Church's first issue seeks a redetermination of that issue. But having reviewed our prior opinion and having

considered the Texas Supreme Court's denial of the Northwest Church's petition for writ of mandamus, we cannot say that our earlier holding was "clearly erroneous." *See Briscoe*, 102 S.W.3d at 716–17; *Rodgers*, 151 S.W.3d at 609. Moreover, we see no reason to revisit our prior determination given that the parties, issues, and facts of the current appeal are the same as those in the mandamus proceeding. *See Rodgers*, 151 S.W.3d at 609. Accordingly, we hold that the Northwest Church's first issue is barred by the law of the case doctrine. *See Lopez v. Tarrant Cnty., Tex.*, No. 02-13-00194-CV, 2015 WL 5025233, at *9 (Tex. App.—Fort Worth Aug. 25, 2015, pet. denied) (mem. op.) ("Here, we see no reason to violate the goals of uniformity of decision as well as judicial economy by declaring that the previously-decided venue issue was erroneous. Under the law-of-the-case doctrine, in this case, venue was proper in Tarrant County." (citation omitted)). We overrule the Northwest Church's first issue.[3]

## B. The trial court did not err by complying with our mandamus ruling too quickly.

In its second issue, the Northwest Church argues that the trial court erred by complying with our mandamus ruling too quickly by signing an order on the same day that we issued our opinion and judgment in the mandamus proceeding. According to

---

[3]In its reply brief, the Northwest Church tries to distance itself from the law of the case doctrine, arguing that the procedural posture of this case is "unusual" and that it should not be bound by the law of the case doctrine given the then-pending mandamus proceeding in the Texas Supreme Court. But after the Northwest Church made that argument in its reply, the Texas Supreme Court denied the Northwest Church's mandamus petition. Thus, we see no reason why the law of the case doctrine should not apply.

the Northwest Church, this promptness deprived it of the opportunity to seek a stay that would have allowed its mandamus to proceed in the Texas Supreme Court. However, we note that despite such a purported lack of opportunity, the Northwest Church's mandamus petition did proceed in the Texas Supreme Court—and, notably, the Texas Supreme Court denied that petition.[4]  Thus, given that the Northwest Church was able to pursue and obtain a ruling in the Texas Supreme Court—and given that we have found no authority standing for the proposition that a trial court errs by complying too quickly with a mandamus directive from a court of appeals[5]— we overrule the Northwest Church's second issue.

## IV.  CONCLUSION

Having overruled the Northwest Church's two issues, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  June 29, 2023

---

[4]The Northwest Church has not identified any way in which the Texas Supreme Court's or this court's review has been impeded by the trial court's ruling.

[5]The Northwest Church cites Chief Justice Hecht's dissenting opinion in *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 643 (Tex. 2021) (Hecht, C.J., dissenting), in support of its second issue.  But we do not read that dissent as standing for the proposition that a trial court errs by complying too quickly with a mandamus directive from a court of appeals.  *See id.* at 643–47.