ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/8/2025 9:55 AM
CHRISTOPHER A. PRINE
CLERK

# No. 15-25-00024-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/8/2025 9:55:01 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Mike Morath, Texas Commissioner of Education and La Villa
Independent School District

Appellants

v.

Dr. Paz Elizondo

Appellee

Appeal from the 455th District Court
of Travis County, Texas, Cause No. D-1-GN-22-002025

**La Villa Independent School District's
Response to Appellee's Motion to Dismiss**

Appellant La Villa ISD files this response to Appellee Dr. Paz Elizondo's Motion to Dismiss the Appeal by Appellants to the Fifteenth Court of Appeals & in the Alternative Plea in Abatement ("Motion") and respectfully requests the Court deny the motion.

This appeal is fully briefed and falls within this Court's exclusive intermediate appellate jurisdiction because it arises from the trial court's February 12, 2025 final judgment, titled the Second Amended Final

Judgment, in a case Dr. Elizondo filed against the Commissioner of Education. *See* Tex. Gov't Code § 22.220(d)(1). This case should be set for submission and decided by this Court.

## I. This Court has exclusive jurisdiction over this appeal because this appeal arises from an order dated February 12, 2025 against the Commissioner of Education.

This Court has exclusive intermediate appellate jurisdiction over this appeal of the trial court's February 12, 2025 final judgment. *See* Tex. Gov't Code § 22.220(d)(1).

As of September 1, 2024, this Court has "exclusive intermediate appellate jurisdiction" over appeals arising out of civil cases brought against "an officer or employee of" a state 'board commission, department, office, or other agency in the executive branch." Tex. Gov't Code § 22.220(d)(1); *see In re Dallas Cnty.*, 697 S.W.3d 142, 147–48 (Tex. 2024); *see also* Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Sess. Law. Serv. 1115.

Elizondo concedes this appeal arises from the trial court's "final appealable order" that was signed on "February 12, 2025"—months after this Court's inception in September 2024. *See* Motion, p.1. Clearly, as shown by the style of the case, that order arises from a case brought

2

against the Commissioner of Education. These undisputed facts should resolve the Motion because they establish that this Court has exclusive jurisdiction over this appeal. *See* Tex. Gov't Code § 22.220(d)(1).

## II.   The Third Court had no jurisdiction over the prior appeal.

Appellee complains that Appellants have not provided any authority that the trial court's earlier judgment, which was appealed to the Third Court, was not a final judgment. Motion, p. 2. But the Third Court has already resolved that question.

The Third Court held it was unclear if the judgment was final and remanded the case so the trial court could either provide clarification that the prior judgment was final or issue a judgment that was final and appealable. *Morath v. Elizondo*, No. 03-23-00125-CV, 2025 WL 270611, at *1 (Tex. App. Jan. 23, 2025) (citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). After the Third Court issued its opinion, Elizondo did not file a motion for rehearing or a petition for review. At this point, the Third Court's holding is the law of the case. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex. 1986) (explaining law-of-the-case doctrine).

On remand, the trial court could have clarified that it intended for the

prior judgment to be final even though the prior judgment did not expressly resolve Elizondo's declaratory judgment claim. If that had happened, the prior appeal would presumably have proceeded in the Third Court because at that point it would have been clear that the appeal arose from a final judgment. But the trial court instead made it clear that the prior judgment was not final by issuing a new judgment that reversed the trial court's prior ruling on the pleas to the jurisdiction and expressly dismissed Elizondo's declaratory judgment claim.

In response to the Third Court's remand, the trial court did not clarify that it intended for the prior judgment to be final and instead signed a *new* judgment—something the trial court could not have done if the prior judgment was final. *See* Tex. R. Civ. P. 329b(d)–(f); *see Ex parte City of Irving Texas*, No. 15-24-00029-CV, 2024 WL 5172273, at \*3 (Tex. App.—15th Dec. 19, 2024) (explaining that a trial court's plenary power expires 30 days after it signs a *final* judgment). In the new judgment, the trial court expressly dismissed Elizondo's declaratory judgment claim and granted Appellants' pleas to the jurisdiction.

Under Rule 329b, the trial court's earlier judgment could not have been a final judgment; otherwise the Second Amended Final Judgment

4

would be a nullity. *See Ex parte City of Irving Texas*, 2024 WL 5172273, at *3. Notably, Elizondo does *not* argue now, and has never argued, that the Second Amended Final Judgment is a nullity. And the law of the case doctrine prevents Elizondo from litigating that issue now. *See Hudson,* 711 S.W.2d at 630.

## III. There is nothing to transfer to this Court from the Third Court.

Once the trial court responded to the Third Court's remand by issuing a new final judgment that—unlike the prior judgment—*granted* the pleas to the jurisdiction and expressly dismissed Elizondo's declaratory judgment claim, La Villa ISD was required to file a notice of appeal, not a motion to transfer. *See* Tex. R. App. P. 25.1.

In his Motion, Elizondo seems to complain that Appellants did not seek to transfer the prior appeal from a non-final judgment to this Court. Instead they filed notices of appeal from the final judgment because once the trial court entered a final judgment in response to the Third Court's remand, there was nothing to transfer because the prior appeal was an appeal from a non-appealable, interlocutory order over which the Third Court had no jurisdiction. *See, e.g., Herczeg v. City of Austin*, No. 03-23-

5

00754-CV, 2024 WL 386967, at \*1–2 (Tex. App.—Austin Feb. 2, 2024, no pet.) (mem. op.) (citing *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019)) (explaining that appellate courts have no jurisdiction to review "non-appealable, interlocutory orders").

If not for the creation of this Court, it might have made sense for Appellants to request that the Third Court treat the previously-filed notices of appeal as prematurely filed notices of appeal regarding the Second Amended Final Judgment. *See* Tex. R. App. P. 27.1–27.3. However, that didn't make much sense when the appeal of the new final judgment must be in this Court. *See* Tex. Gov't Code § 22.220(d)(1); *see also* Tex. R. App. P. 27.3 (recognizing that "[a]ny party may nonetheless appeal from a subsequent order or judgment").

## IV. The common-law doctrine of dominant jurisdiction is inapplicable and does not trump this Court's statutory exclusive jurisdiction.

Finally, Appellee asserts the Third Court has "dominant jurisdiction" over this appeal. Motion, p. 2. But dominant jurisdiction is a common-law venue rule that applies in trial courts. *See, e.g.*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016). It does not apply in appellate courts, *see id.*, and even if it did, it would not supplant the

6

Legislature's decision to give this Court exclusive appellate jurisdiction over cases like this. *See* Tex. Gov't Code § 22.220(d)(1).

## CONCLUSION AND PRAYER

Appellants filed their notices of appeal to this Court without any objection from Appellee, and this case is now fully briefed before the Court. There is no reason to dismiss or abate this appeal. The Court should deny Appellee's Motion because this Court has exclusive appellate jurisdiction from the final judgment the trial court entered on February 12, 2025. *See* Tex. Gov't Code § 22.220(d)(1).

Respectfully submitted,

*/s/ David Campbell*
David Campbell
State Bar No. 24057033
*dcampbell@808west.com*
Thompson & Horton LLP
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)
Fax (512) 494-9919

**Appellant La Villa ISD**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 1,211 words.

*/s/ David Campbell*
David Campbell


## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

*/s/ David Campbell*
David Campbell

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kate French on behalf of David Campbell
Bar No. 24057033
kfrench@thompsonhorton.com
Envelope ID: 100586698
Filing Code Description: Response
Filing Description: La Villa ISD's Response to Appellee's Mtn to Dismiss
Status as of 5/8/2025 11:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 5/8/2025 9:55:01 AM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 5/8/2025 9:55:01 AM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 5/8/2025 9:55:01 AM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 5/8/2025 9:55:01 AM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 5/8/2025 9:55:01 AM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 5/8/2025 9:55:01 AM | SENT |