In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00326-CV

IN RE KIRT MCGHEE

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 20-10-12063**

## MEMORANDUM OPINION

Relator Kirt McGhee petitioned for a writ of mandamus to compel the trial court to vacate an order compelling expert disclosures and production of unredacted invoices for legal services. We temporarily stayed proceedings in the trial court and obtained a response from Real Party in Interest Novoterra Chase, LLC. We conditionally grant mandamus relief.

## Background

McGhee sued his landlord, Novoterra, for breach of contract, repair and remedy, failure to return the security deposit or to provide an itemized list of

deductions, and landlord retaliation. *McGhee v. Novoterra Chase, LLC*, No. 09-22-00167-CV, 2024 WL 2758702, at \*2 (Tex. App.—Beaumont May 30, 2024, pet. denied) (mem. op.). McGhee also sought attorney's fees under the Lease and pursuant to the applicable sections of the Texas Property Code. *Id.*

In the jury trial, the trial court admitted without objection the redacted billing invoices of McGhee's trial attorney, Kent Motamedi, and McGhee's predecessor counsel, Kenneth Stephens. *Id.* at \*4. Motamedi testified without objection that his hourly rate was $250 per hour, he spent about fifty-two hours working on the case as of the day of trial, he billed in increments of an hour multiplied by his hourly rate, and he described in his invoices the various tasks he had performed. Motamedi also testified that McGhee's prior attorney billed $14,000, which Motamedi felt was reasonable and necessary. *Id.*

When Motamedi attempted to testify about the reasonableness and necessity of the attorney's fees, Novoterra objected to any opinion testimony from Motamedi because McGhee failed to provide a total amount of attorney's fees in response to Novoterra's Request for Disclosure under the prior version of Rule 194.2(f). *Id.* at \*5. When Motamedi was asked if his $250 hourly rate was reasonable, Novoterra's attorney objected that McGhee had failed to comply with his disclosure obligation under Rule 194.2(f). *Id.* at \*6. The trial court sustained Novoterra's objections, then sustained the same objection when Motamedi was questioned about the work

2

referenced on the redacted invoices and for a summary of the work he did for McGhee. *Id.* The trial court granted a directed verdict as to attorney's fees because there was no evidence that the fees were reasonable and necessary. *Id.* at *7.

On appeal, McGhee argued the trial court abused its discretion by granting a directed verdict on attorney's fees and by sustaining Novoterra's objection to the attorney's testimony on the ground that the disclosure failed to contain counsel's opinion about what the amount of a reasonable and necessary fee was in the case. *Id.* at *12. We rejected Novoterra's argument that McGhee's disclosures were inadequate because they failed to provide a total fee amount. *Id.* at *15. We concluded "McGhee's timely Rule 194.2(f) disclosure identifying an expert who would testify about the reasonableness and necessity of attorney's fees incurred through the litigation was adequate to provide the 'general substance' of the expert's testimony where he indicated he was seeking fees incurred through litigation." *Id.* (citations omitted). "Since McGhee's billing records were admitted into evidence without any objections to same, his attorney should have been allowed to testify that the requested fees were reasonable and necessary and then respond to any cross-examination." *Id.* at *19 (citation omitted). We held the trial court abused its discretion in excluding McGhee's attorney's testimony on attorney's fees. *Id.* at *20. We held "the trial court's erroneous exclusion of McGhee's expert's testimony about the reasonableness and necessity of the attorney's fees led to the absence of evidence

3

on which the trial court based the directed verdict." *Id*. We reversed the trial court's directed verdict on attorney's fees and remanded the case to the trial court "with instructions to conduct further proceedings consistent with this opinion so that a factfinder may consider awarding McGhee reasonable and necessary attorney's fees tied to his suit to recover his deposit." *Id*. at *21.

On remand, the case proceeded under a new docket control order with deadlines tied to a February 17, 2026 trial date. Novoterra moved to compel McGhee to produce unredacted attorney fee bills and complete request for disclosure responses. Novoterra complained that McGhee responded to Novoterra's request for production of attorney fee bills without objection but produced heavily redacted records from one of the two law firms that represented McGhee in the litigation. Novoterra complained that as to Motamedi's law firm, McGhee produced only a summary page, without breaking down who performed the work, the person's hourly rate, and the specific service they provided. Novoterra also complained that McGhee failed to disclose how much he actually paid his attorneys.

As for the disclosures, Novoterra complained that McGhee failed to provide the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, failed to segregate attorney's fees between his causes of action or provide information about the amount of fees for trial and appeal, and failed to disclose the remainder of the entire case file.

4

McGhee argued that Novoterra's request for production was impermissible and that expert discovery was restricted to Rule 195, but he also admitted that he responded to the request for production without objection. McGhee argued that Novoterra was seeking to compel production that is not in McGhee's possession or subject to his control and was for the first time raising issues about the disclosures McGhee made in 2021 before the trial and appeal. McGhee argued that since he had not produced an expert report Novoterra should be limited to deposing the expert on attorney's fees. Motamedi produced a declaration that he attempted to contact Stephens and "it appears the unredacted records sought in this matter are no longer available or have been destroyed."

On August 31, 2025, the trial court granted Novoterra's Motion to Compel Unredacted Attorney Fee Bills and Complete Request for Disclosure Responses.

**Mandamus Standard**

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion

if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

**Attorney Fee Bills**

McGhee contends the trial court abused its discretion "in compelling Rule 196 production of expert-related documents in contravention to Rule 195 prohibition and which such documents are not in Relator's possession, custody, or control." Novoterra contends that McGhee waived his objection to the request for production.

"A party must make any objection to written discovery in writing—either in the response or in a separate document—within the time for response." Tex. R. Civ. P. 193.2(a). McGhee did not assert a timely objection to the request for production. He did, however, assert attorney-client privilege by producing redacted invoices. *See McGhee*, 2024 WL 2758702, at *19-20. Parties do not waive their attorney-client privilege by seeking to recover attorney's fees from the opposing party. *Id*. at *19. Furthermore, McGhee established that he did not have unredacted invoices in his possession, custody, or control. *See* Tex. R. Civ. P. 192.3(b). Novoterra argues

6

unredacted invoices held by McGhee's former attorney are the equivalent of McGhee's possession, custody, or control, but when the trial court ruled on Novoterra's motion to compel the court did not have before it any evidence that Stephens has retained and currently possesses unredacted copies of his fee bills. We conclude the trial court abused its discretion by compelling production of unredacted invoices.

**Expert Disclosure**

In McGhee's appeal, we held that since McGhee's redacted fee bills were produced and admitted into evidence without objection, "McGhee's timely Rule 194.2(f) disclosure identifying an expert who would testify about the reasonableness and necessity of attorney's fees incurred through the litigation was adequate to provide the 'general substance' of the expert's testimony where he indicated he was seeking fees incurred through litigation." *McGhee*, 2024 WL 2758702, at *15. That holding governs the case throughout its subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). In other words, since McGhee's billing records were admitted into evidence without any objections to same, his attorney should have been allowed to testify that the requested fees are reasonable and necessary and then respond to any cross-examination. *McGhee*, 2024 WL 2758702, at *9. However, McGhee has a duty to supplement his disclosures with information that has not previously been disclosed. *See* Tex. R. Civ. P. 193.6. But our ruling that his previous

disclosures accompanied by the production of redacted fee bills satisfied the former version of Rule 194.2(f) stands, and the trial court was not at liberty to disregard it. *McGhee*, 2024 WL 2758702, at *4. We conclude the trial court abused its discretion by compelling McGhee to make a second expert disclosure under former Rule 194.2(f), rather than simply requiring the previous response to be supplemented with any new information.

### Remedy by Appeal

A trial court's noncompliance with a prior judgment may warrant mandamus relief. *See In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 218-19 (Tex. 2018) (orig. proceeding). Here, the benefits of mandamus outweigh the detriments because the trial court did not adhere to the guidance in our previous opinion in *McGhee*, and the trial court's discovery order affects the sole issue remaining in the case. *See In re Team Rocket*, 256 S.W.3d at 262 ("In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss.").

### Conclusion

We conclude that the trial court abused its discretion, and that Relator lacks an adequate remedy by appeal. Accordingly, we lift our order granting temporary relief and we conditionally grant a writ of mandamus. We are confident that the trial court will vacate its Order granting the Motion to Compel Unredacted Attorney Fee

Bills and Complete Request for Disclosure Responses. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 6, 2025
Opinion Delivered March 19, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.